BELLA QUAY, Respondent, v. JAMES D. LUCAS, Appellant.

St. Louis Court of Appeals, February 23, 1887.

1. LESSOR AND SUB-LESSEE—TORT—DAMAGES.—An action by a sub-lessee against a lessor for damages for injuries caused the former by the defective condition of the premises, can not be maintained if founded on a contract of the lessor with the lessee to keep the premises in repair.

2. ———— NUISANCE.—Such an action can be maintained only on the theory that the *locus in quo* was a dangerous nuisance, in permitting the continuance of which the lessor was guilty of a violation of his duties to the public.

3. ———— ACTION.—A sub-lessee's remedy for damages caused by the defective condition of premises which the original lessor had agreed to keep in repair, is against his immediate lessor and not against the original lessor.

4. PRACTICE, APPELLATE—REVERSING WITHOUT REMANDING.—An appellate court, in reversing a judgment, will not remand the cause where the pleadings and the evidence show that the plaintiff has no cause of action.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Reversed.*

W. H. CLOPTON, for the appellant: A landlord is not liable to tenant for the defective condition of rented premises unless the landlord expressly agreed to make the repairs before the tenancy began. *Rogan v. Dockery*, 23 Mo. App. 313; *Howard v. Doolittle*, 3 Duer, 464; *Leavitt v. Fletcher*, 10 Allen, 121; *Sheets v. Selden*, 7 Wall. (U. S.) 423; *Libby v. Talford*, 48 Me. 316; *Moore v. Webber*, 71 Pa. St. 429. If the tenant chooses to use the part of the premises out of repair, the landlord is not liable for any injury resulting from it being out

of repair. Thomp. on Neg. 324. The tenant assumes the risk. Tayl. on L. & T., sect. 175a; *Brewster v. De Fremery*, 33 Cal. 341; *Sherwood v. Scanlan*, 2 Bosw. 127; *Doupi v. Genin*, 1 Sweeny, 25. A sub-tenant is under the same restriction. *O'Brien v. Capwell*, 59 Barb. 497; *Robbins v. Jones*, 15 C. B. (N. S.) 221; *Nelson v. Led. Brewery*, 2 L. R. C. P. Div. 311; 1 Wash. Real Prop. (4 Ed.) ch. 10, sect. 6; *Bullard v. Butler*, 30 Me. 94. His action, if any, is against the tenant under whom he is, and not against the landlord. *Bendick v. Cheadle*, 26 Ohio St. 393; *Alton v. Railroad*, 19 C. B. (N. S.) 238; *Clancey v. Byrne*, 56 N. Y. 136; *White v. Montgomery*, 58 Ga. 204; *Davidson v. Nichols*, 11 Allen, 519; *Winterbottom v. Wright*, 10 M. & W. 109.

JULIAN LAUGHLIN, M. F. TAYLOR, and ROBERT L. McLARAN, for the respondent: If the landlord make a contract to put the premises in good condition, and keep them in repair during the tenancy, and failing to do so the tenant suffers injury, the landlord is liable. *Vai v. Wells*, 17 Mo. 232; *Deutsch v. Abeles*, 15 Mo. App. 398; *Padburg v. Kennerly*, 16 Mo. App. 556; *Griffiths v. Lewis*, 17 Mo. App. 605; *Rogan v. Dockery*, 23 Mo. App. 313. And is likewise liable to a sub-tenant. *Peterson v. Smart*, 70 Mo. 36; *Joffe v. Hortran*, 56 Mo. 398; *O'Brien v. Capwell*, 59 Barb. 497.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff rented a room as a lodger from one Mrs. Bondurant, the lessee of the premises in question, two days before the date of the accident complained of. On the seventeenth of September, 1885, the plaintiff, while lawfully on the premises, walked into a privy thereon, and owing to the defective condition of its floor, without negligence on her part, fell into the privy vault, sustaining serious injuries. She thereupon insti-

tuted this action against the defendant, who is the owner and lessor of the premises, and recovered judgment.

The petition states that the defendant owner agreed with Mrs. Bondurant, to keep the premises and appurtenances in a safe condition, and to do the necessary repairs thereof, and that he failed and refused to keep said premises in a safe condition, but wrongfully and negligently permitted the flooring of the privy vault on said premises to become weak and insecure, so that the same was, on the seventeenth day of September, 1885, and for a long time prior thereto, in a dangerous condition ; hence the injury for which the plaintiff sues.

There was evidence tending to show that the defendant, by contract with Mrs. Bondurant, the lessee, was under a legal obligation to keep the premises in repair ; also evidence that the attention of the defendant's agent had been called to the defective condition of the privy a sufficient length of time prior to the accident to have enabled him to make the necessary repairs. The evidence further tended to show that the privy floor became extra dangerous, on the evening of the accident, and but a short time preceding it, when a very heavy person employed at the house walked into the privy and some of the sleepers gave way, causing the floor to sink. Mrs. Bondurant was advised of this fact at once, and notified some of her boarders, but seemed to have no opportunity to notify the plaintiff, before the accident to the plaintiff happened.

The defendant filed a motion in arrest of judgment, on the ground that the petition failed to state a cause of action, and a motion for new trial, on the ground, among others, that the verdict was against the evidence, and, both motions being overruled, has appealed to this court. This raises the question whether a lodger, sub-tenant, or sub-lessee, can maintain an action against the landlord lessor, for injuries caused to him by the fact that the premises were out of repair, upon showing a covenant to repair, by the lessor.

That one who is no party to a contract of letting, can not sue in respect of a breach of duty, arising out of the contract, in an action of tort, was decided under circumstances similar to the present in *Robbins v. Jones* (15 C. P. [N. S.] 238), and the general rule, whether applicable to contracts of letting, or other contracts, was very fully discussed in *Alton v. Railroad* (19 C. B. [N. S.] 213), where all the judges *seriatim* in exhaustive opinions decided that the party to the contract alone could maintain the action. So, in *Blakeman v. Railroad* (8 El. & Bl. 1053, 1054), it was held that such an action was not maintainable, except by the party to the contract, and the case was distinguished from *Levy v. Langridge* (4 M. & W. 437), in which the son recovered for injuries caused by the explosion of a gun, in an action against the gunsmith, although the gun had been bought by his father, on two grounds, namely : first, that the gun was bought for the use of the son, who could not make the bargain himself, but was really and substantially the person contracting ; and, next, that it was a case of fraud, and wilful deceit, the defendant having knowingly made a false warranty as to the gun. It may be added, that the court of exchequer, as well as the appellate court, upheld the recovery in the last named case as resting on fraud, and not on contract, and that that is the view taken of the case in *Davidson v. Nichols* (11 Allen, 519), where the rule is re-stated that no one but the vendee can sue in tort for injuries resulting from the contract of sale. See, also, as illustrating the general rule, *Winterbottom v. Wright* (10 M. & W. 109).

We have carefully examined the decisions in this country, and find them in harmony with the rule as above stated. No decided case can be found, where, in an action of tort, founded upon the violation of a contract, the lessor was held liable to a person injured, where such a party was not a person to the contract.

In the case of *Benson v. Swarz* (43 Barb. 409), re-
lied on by the respondent, the recovery was upheld on
the ground of nuisance, and by force of the maxim *sic
utere tuo ut alienum non lædas*. The court says : "An
owner has no right to erect a nuisance on his own land
to the injury of his neighbors. He can not erect so
weak and unsafe a building, that it shall fall in ordinary
times from its mere insecurity, and insufficient strength,
and thus injure the building or property of his adjoin-
ing neighbors without being responsible for that injury.
Nor can he suffer a building on his premises to become
so much out of repair as to cause a like injury without
being responsible." The case of *O'Brien v. Capwell*,
(59 Barb. 497, 503), merely passes on the proposition,
that there is no liability at common law for non repair
of premises on the part of the lessor to the lessee, and
*a fortiori* there can not be one to the lessee's servant,
and that is the only proposition decided in *Jaffe v. Hart-
man* (56 N. Y. 398, 401), where a complaint by the ser-
vant was dismissed on that ground.

The rule above stated, as applicable to cases of the
character of the one before us, is fully recognized by the
same court in *Chancy v. Byrne* (56 N. Y. 136). Judge
Folger, in delivering the opinion of the court, says : "The
covenant is from the defendant to his landlord, and to
no one else. The plaintiff has, under the facts of the
case, no privity in it, nor any legal right or interest in
it, he is not a party to it, nor was it made avowedly for
his benefit." And, again, "Doubtless where a covenant
creates a duty, a neglect to perform that duty is a ground
of action for tort. But whenever an action is founded
on a breach of contract, the plaintiff suing in respect
thereof, must be a party or privy to the contract ; else
he fails to establish a duty towards himself on the part
of the defendant, and fails to show any wrong done to
himself."

The case of *Burdick v. Cheadle* (26 Ohio St. 397), is

directly in point. In that case the injury was caused to a customer in a store by the defective condition of some shelving and fixtures, which the landlord had covenanted with the lessee to repair and keep in safe condition. There was proof that the lessee had notified the landlord of the defective and dangerous condition of the shelving and fixtures, and requested him to repair them, which he refused to do.

The customer sued the landlord, alleging and proving these facts, but the court held that he could not recover. The court says: "The general rule of law undoubtedly is, that persons who claim damages on the account that they were invited into a dangerous place, in which they receive injuries, must seek their remedy against the person who invited them. There is nothing in the relation of landlord and tenant which changes the rule." * * * "And so, if the lessor engages with the lessee to keep the premises in repair, a breach of the engagement gives a right of action only to the lessee." The court there quotes approvingly from Shearman and Redfield on Negligence, "that the guests or customers of the tenant must seek redress for injuries caused by defects in the premises, from the tenant and not from the landlord, even though the defects existed when the lease was made, for if they had not entered the premises at the request of the tenant, or under his license, they would not have suffered injury."

We have reviewed the law at some length, because the question presented is one of first impression in this state. Judging, however, from the fact that in *Peterson v. Smart* (70 Mo. 38), the case of *Burdick v. Cheadle (supra)* is referred to as authority, we are justified to infer that the rule as stated in that case meets with the sanction of the supreme court.

As no claim is made in the present case, either by the pleadings or by the evidence, that the *locus in quo* the accident occurred, was a dangerous nuisance, but

the action is sought to be supported solely by reason of the violation of the defendant's contract duty to repair, and as we find that the action is not maintainable by the plaintiff on that ground, we must reverse the judgment without remanding the cause. The judgment is reversed. All the judges concur.