## JOHN GRAFF, Appellant, v. LEMP BREWING COMPANY, Respondent.

Kansas City Court of Appeals, April 6, 1908.

1. **LANDLORD AND TENANT: Non-Repair: Liability of Landlord: Misfeasance.** In the absence of a covenant the landlord is under no obligation to repair the premises during the tenancy and is not liable to the tenant for injuries arising from the failure to repair, since the former is only liable to the latter for misfeasance and not for nonfeasance.

Graff v. Brewing Co.

2. ———: ———: ———: Breach of Covenant: Measure of Recovery. A breach of contract to repair by the landlord will not make him liable for personal injuries growing out of defective conditions of the premises, since the tenant can make the repairs and recover therefor or counterclaim against the rent, or, if the premises are untenable, move out and defend as upon eviction.

3. ———: ———: ———: ———: Proximate Cause. The tenant in order to recover for personal injuries resulting from the landlord's breach of covenant in not repairing must show more than a mere breach of contract and a resulting injury, to-wit, that there was apparent necessity for prompt action; and a failure in that regard would subject the tenant to the risk of the alleged injuries in using the premises in their defective condition, and that a reasonably prudent person with knowledge of the facts would know that the use of the premises would be attended by such risks so that it would appear that the injury was the natural and direct result of the negligent breach of duty.

4. ———: ———: ⊷———: ———: ———: Contributory Negligence. And during the period a reasonable man in the tenant's situation would have been justified in relying upon the landlord's promise, the former is not precluded from using the premises unless the defect was of such a nature that the risk of using them was so.obvious and glaring as to threaten immediate injury.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune,* Judge.

REVERSED AND REMANDED.

*John I. Williamson* for appellant.

When a landlord covenants with a tenant to make repairs but fails to do so although repeatedly notified, but when notified repeatedly promises to make repairs but without doing so, and the tenant is injured by reason of the failure of the landlord to repair, the tenant is entitled to recover damages for the injuries sustained by him. Stoetzle v. Swearingen, 90 Mo. App. 588; Roberts v. Cottey, 100 Mo. App. 500; Mancuso v. Kansas City, 74 Mo. App. 138; Ward v. Fagan, 101 Mo. 669; Ploen v.

Staff, 9 Mo. App. 309; Hamilton v. Feary, 8 Ind. App. 615, 35 N. E. 48, 52 Am. State 485; Quay v. Lucas, 25 Mo. App. 4; Little v. Macadaras, 29 Mo. App. 332; Sontag v. O'Hare, 73 Ill. App. 432; U. B. M'an'fg Co. v. Lindsey, 10 Ill. App. 583; Gridley v. Bloomington, 68 Ill. 47; Boyce v. Talleman, 183 Ill. 115, 55 N. E. 703; Rauth v. Davenport, 60 Hun (N. Y.) 70; Moore v. Stoeljes, 69 Fed. 518; 1 Tiffany on Real Property, p. 98; Thompson v. Clemens, 96 Maryland, 196; Jones on Landlord and Tenant, p. 677.

*F. V. Kander,* for respondent.

(1) In appellant's brief stating his point, he wholly overlooks the distinction between an action for such damages (1) as proximately result from the breach of the contract, and were within the contemplation of the parties when the contract was entered into; and (2) damages for personal injuries received when the lessor failed to make repairs which he had agreed to do. Or, to put it differently, before the lessor can be held liable for such injuries as appellant complains of, it must appear that the parties had such injuries in contemplation when the contract was made, and that the lessor expressly agreed that he would indemnify the lessee against any injury he might receive because of defects in the floor. No such agreement is alleged. Hicks v. Railroad, 46 Mo. App. 304; Eyre v. Jordan, 3 Mo. 424, 33 Am. St. 546 and notes; Davis v. Smith, 66 L. R. A. 478, 26 R. I. 129; Tuttle v. Gilbert, 145 Mass. 169; 60 L. R. A. 580; Thompson v. Clemens, 96 Md. 196; 18 Am. & Eng. Enc. Law (2 Ed.), p. 321; Hamilton v. Feary, 52 Am. St. 492, and notes; 62 Central Law Jour., 44-45, citing numerous authorities; Davis v. Smith, 66 L. R. A. 478; Hamilton v. Feary, 52 Am. St. 485, and notes; Eyre v. Jamison, 111 Mo. 424, 33 Am. St. 546, and notes; Franklin v. Brown, 16 Am. St. 744, 118 N. Y. 110; Cowen v. Sunderland, 1 Am. St. 469, and note,

145 Mass. 363. (2) As already mentioned, the lessor would not be liable for special or consequential damages under the facts pleaded, because appellant has failed to reduce or moderate the damages by making the repairs himself and charging them to the lessor. The doctrine of avoidable consequences applies in full force to such a case as this. Hamilton v. Feary, 52 Am. St. Rep. 494; Trust Co. v. Stewart, 115 Mo. 236; Coal Co. v. Brick Co., 66 Mo. App. 296; Hicks v. Railroad, 46 Mo. App. 304; Lawrence v. Porter, 63 Fed. 62. (3) Moreover, the petition itself shows that appellant was guilty of such contributory negligence as would alone defeat recovery. He admits full knowledge of the dangerous condition of the floor at the very inception of the contract. It was not a latent defect. Jamison v. Continental, etc., Co., 104 Mo. App. 313; Dean v. St. Louis, etc., Co., 106 Mo. App. 180.

JOHNSON, J.—Action by a tenant against his landlord to recover damages for personal injuries alleged to have been caused by the negligent failure of the landlord to repair. It is alleged in the petition that defendant, the lessee of a business house in Kansas City, sublet the storeroom on the first floor to plaintiff for use as a dramshop; "that at said time the floor of said storeroom was broken and decayed in various places, and at the places hereinafter mentioned, and at the time plaintiff rented said storeroom, and as part of the contract of renting, and as part of the consideration for the payment by this plaintiff to defendant of said sum per month, defendant promised and agreed with plaintiff that it would put said storeroom in a good state of repair and in particular would repair said hereinafter mentioned broken and decayed places in said floor: That relying upon said agreement and contract on the part of defendant, plaintiff took possession of said storeroom on or about the 10th day of April, 1905, under said contract,

and thereafter remained in possession thereof at all times hereinafter mentioned and duly fulfilled and performed all the conditions of said contract on his part: That defendant negligently and carelessly failed to repair said decayed and broken places in said floor though often requested by plaintiff so to do, but whenever the matter was brought to defendant's attention by plaintiff, defendant promised and agreed to make said repairs immediately and to put the same in a fit and proper condition for use and for this reason, plaintiff, relying upon said promises of defendant, did not make repairs himself. That defendant at all times herein mentioned had notice of the existence, character and extent of said defects in said floor and had also ample time and opportunity to repair same after notice had and before plaintiff was injured as hereinafter stated. That on or about the 24th day of May, 1905, while plaintiff was engaged in the discharge of his duties in his business in said storeroom and in the exercise of due care and caution on his part, was passing over a portion of said floor, the same gave way under the weight of plaintiff on account of the broken, defective and dangerous condition thereof, and plaintiff was thereby thrown violently to the floor and his leg was thrust violently through the broken portion thereof." Then follow a statement of the injuries inflicted and a prayer for relief. Defendant demurred to the petition on the ground that it failed to state facts sufficient to constitute a cause of action. The demurrer was sustained and, plaintiff refusing to plead further, judgment was entered in favor of defendant. Plaintiff appealed.

As between landlord and tenant, the rule is well settled that in the absence of an express agreement, the landlord is under no obligation to repair defects in the premises existing at the time of the letting. A tenant takes the property in the condition in which he finds it and cannot require the landlord to make it more habit-

able. This rule does not obtain in cases where, in the letting, the landlord is guilty of acts of misfeasance by which the tenant is damaged, but as the facts in the petition do not present the case as one falling within the exception, we shall not make it the subject of discussion here. A concise statement of the rule is found in the following quotation from the opinion of this court in Roberts v. Cottey, 100 Mo. App. 1. c. 503: "The law is well settled in this jurisdiction to the effect that in the absence of a covenant the landlord is under no obligations to repair the premises during the course of the tenancy, nor is he liable in damages to his tenant for injuries resulting to him—the tenant—from the failure to repair the leased premises. In the absence of contractual obligations the landlord as to his tenant is only liable for acts of misfeasance and not of nonfeasance."

The facts before us show that defendant, with knowledge of the existence of a defective floor, agreed as a part of the contract for the renting of the premises to make suitable repairs and that when the injury occurred, a sufficient time had elapsed for the performance of this covenant. In such state of case, the rule we have just considered is without application and we pass to the solution of the questions relating to the nature and extent of the obligation assumed by defendant under the covenant to repair and of the liability he incurred by failing to perform that covenant.

Should we be required to treat the action only as one arising *ex contractu*, i. e., founded on a breach of the contract to repair within a reasonable time, we would be compelled by the great weight of authority to hold defendant free from liability for personal injuries resulting from such breach. This would be on the ground that the measure of damages in such cases is the expense incurred by the tenant in the doing of the work the landlord agreed to do but did not, and that personal injuries

to the tenant sustained in consequence of the defective condition are a result too remote to be considered as having been in the contemplation of the parties at the time the contract was made. [Davis v. Smith, 58 Atl. 659; Tuttle v. Gilbert, 13 N. E. 465; Thompson v. Clemens, 96 Md. 196, 53 Atl. 919; Hamilton v. Feary, 39 N. E. 48; 2 McAdam's Landlord and Tenant, 386; Schick v. Fleischhauer, 49 N. Y. Supp. 962.] In the case last cited, it was said: "A contract to repair does not contemplate as damages for failure to keep it, that any liability for personal injuries shall grow out of the defective condition of the premises, because the duty of the tenant, if the landlord fail to keep his contract to repair, is to perform the work himself and recover the costs in an action for that purpose; or in a counterclaim in an action for the rent; or, if the premises are untenable by reason of the breach of the contract, the tenant may move out and defend in an action for the rent, as upon an eviction." In Tuttle v. Gilbert, supra, the Supreme Judicial Court of Massachusetts observed: "The cases are numerous and convincing as to the dividing line between actions of contract and of tort and there are many cases where a man may have his election to bring either action. When the cause of action arises merely from a breach of promise the action is in contract. The action of tort has for its foundation the negligence of the defendant and this means more than a mere breach of a promise. Otherwise the failure to meet a note or any other promise to pay money would sustain a suit in tort for negligence and thus the promisor be made liable for all consequential damages. As a general rule, there must be some active negligence or misfeasance to support tort. There must be some breach of duty distinct from breach of contract."

The extracts we have quoted declare a doctrine generally recognized and applied both in America and England. In an action on contract, defendant cannot re-

cover damages for personal injuries caused by a breach of the landlord's duty to repair and we are brought to the question of whether or not plaintiff may have a cause of action sounding in tort for the recovery of such damages on the ground that defendant was negligent in failing to perform a duty he undertook as a part of the relationship he assumed towards plaintiff. In other words, do the facts pleaded characterize the neglect of the landlord to perform his contract as an act of misfeasance as distinguished from a mere breach of contract?

In this State, the principle is recognized that "where a covenant creates a duty the neglect to perform that duty is a ground for an action for tort." [Quay v. Lucas, 25 Mo. App. 4.] Logically it must follow that where a duty from one person to another becomes an incident to the status or relationship established between them, whether the duty results from the principles of law relating to such status or from the contract of the parties, a negligent omission to discharge it is a tort which will afford the injured party a cause of action *ex delicto*. Thus, where a common carrier fails to deliver at their destination goods received for shipment, it may be held liable either in an action on the contract or in one arising from the tortious failure to perform a common law duty. The relation of master and servant is invariably created by contract, yet the master may be held in an action *ex delicto* for his failure to perform the duty of exercising reasonable care to provide his servant a reasonably safe place in which to work. Such examples are illustrative of the soundness and usefulness of the principle under discussion.

In Thompson v. Clemens, supra, the Court of Appeals of Maryland, after an exhaustive review of the authorities, concluded: "When the landlord has agreed to make repairs there is a duty resting on him to do so and on his failure the tenant may either sue on his con-

tract or bring an action on the case founded in tort for neglect of that duty." But in that case the court recognized the doctrine that many actions nominally in tort are treated with respect to the measure of relief as virtually *ex contractu*, and applying that doctrine to cases similar to the one under consideration, held that in order to recover damages for personal injuries, the tenant must go beyond the mere showing of a breach of contract to repair and a resultant injury. He must show that there was an apparent necessity for prompt action on the part of the landlord and that the failure of the latter to repair would subject the tenant to the risk of personal injury from using the premises in their defective condition. We deem this to be the correct rule. In order that such damages may be considered as direct and not remote, it must be made to appear that the landlord not only had knowledge of the existence of the defect and covenanted to repair it, but also that the defect was of such nature that any reasonably prudent person with such knowledge would know that the use of the premises in their defective condition would be attended by risk of injury. Tested by these rules, we are of opinion the petition states a cause of action and that error was committed in sustaining the demurrer. From the facts alleged, it is apparent defendant must have known that plaintiff in attending to his business in the room necessarily would have to walk over the defective place in the floor and that there was danger of the floor giving way at that place. With such knowledge, he must be presumed to have contemplated that an injury to plaintiff would be a natural and direct result of the negligent breach of his duty to repair and in this view the damages sustained in consequence of such injury cannot be considered otherwise than as a direct result of the negligence charged.

Point is made by defendant that plaintiff on his own statement of facts must be held in law to have been

guilty of contributory negligence but we do not agree with this contention. Plaintiff was justified in relying on the promise of defendant to repair the defect notwithstanding the lapse of a reasonable time for the performance of that duty. The mere failure of defendant to act with reasonable promptness did not compel plaintiff to construe the omission as a refusal to perform the agreement. During the period in which a reasonable man in his situation would have been justified in relying on the promise, plaintiff was not precluded from using the premises unless the defect was of such nature that the risk of using them was so obvious and glaring as to threaten immediate injury. If it can be said that plaintiff reasonably was justified in assuming that the danger was not imminent, his conduct in using the floor in its defective condition should be treated as an issue of fact to go to the jury, provided the defense of contributory negligence shall be presented in the answer.

The judgment is reversed and the cause remanded. All concur.