PASS et ux. v. JONES et al.

Eastern Section. December 12, 1932.

Petition for Certiorari denied by Supreme Court, March 8, 1933.

E. H. Marsh and Webb & Baker, all of Knoxville, for plaintiffs in error.

Donaldson & Montgomery, of Knoxville, for defendants in error.

PORTRUM, J. This appeal presents two suits growing out of the same facts, one prosecuted by the husband in his right, and the other by the wife in her right. The husband, Arch Pass, and wife, Mabel Pass, were tenants of the defendant and landlord Henry R. Gibson, holding under a rental contract for a period of month to month, or week to week. It is alleged that the plaintiffs contracted with the agent of the landlord, Andrew Jones, who is also sued as a defendant, for the rental of a small dwelling house in which to live; that at the time of the contract a flight of three steps leading from the kitchen door to the ground were out of repair; and that the board on the top step was missing, making it

necessary in using the steps to step over the top step. These steps were about three feet wide, or the width of the door. It is alleged that the agent agreed to repair these steps by placing a board over the missing step, and on the faith of this promise a contract was executed and the tenants moved in. And that thereafter the agent continued to promise to repair the step, but he never did. The tenants went into possession in September and continued to occupy the premises until November 11, when Mabel Pass attempted to use the steps for the purpose of going to the hydrant to get water, and she momentarily forgot the missing plank on the top step and as a consequence, in an attempt to avoid falling through the hole in the top step, she stepped to the side and straddled the step, stepping to the ground. She alleges that she was at the time pregnant, and had been for a period of three months; and she alleges as a result of the injuries sustained she aborted. She testified a week previous to this injury she had forgotten the missing step and had stepped through the hole and injured herself by skinning her legs.

Upon this state of facts the wife sues for $10,000 damages, and the husband likewise sues in his own right for the same sum.

On the trial of the case in the lower court and at the conclusion of the plaintiffs' evidence, the trial judge sustained the motion for a directed verdict in both cases upon the theory that the plaintiffs had assumed the risk, and was guilty of such contributory negligence as a matter of law to bar their recovery. The plaintiffs have appealed.

The plaintiffs in error insist that they have established a contract and a contemporaneous agreement to repair the defective step, so they were not negligent in continuing to occupy the property and use the steps relying upon the good faith of this promise. And the momentary forgetfulness of the wife when she stepped out the door and sustained the injury was excusable under the law, or at least the evidence raised a question to be determined by the jury.

In the first place, we think the plaintiffs were guilty of gross negligence in continuing to use these steps when they constituted a hazard. Certainly so after the woman became pregnant, and since she had once before, through momentary forgetfulness, stepped through these steps and skinned her legs. This defective hazard was not of such a character that it required a carpenter to repair it; the plaintiff, who was a steel worker, and a man who worked with his hands, could have repaired it temporarily within a few minutes, and the wife could have removed the hazard by laying a board across the top step. The law requires of one some degree of self-help to prevent one's injury. As we view these facts, the plaintiffs were guilty of gross negligence, and the law casts upon them the burden of the assumption of the risk.

The Tennessee authorities relied upon by the plaintiffs in error

recognize this principle, namely, Solvent Savings Bank v. Vance 7 Tenn. Civ. App., 383; Gary v. Spitler, 10 Tenn. App., 34; and Graff v. Lemp Brewing Co., 130 Mo. App., 618, 109 S. W., 1044. In the last-cited case it is said "unless the danger was so obvious as to threaten immediate injury."

The plaintiff Mabel Pass admits that she was aware of this danger, but she says she momentarily forgot, while preparing lunch for her husband, and at the same time conversing with her mother. Her counsel insist, under the authorities of the above-cited cases, that this evidence raises a question for the jury to determine; that it is the jury's province to say whether her forgetfulness excuses her negligence.

Momentary forgetfulness must not be attributable to the person's negligence, but must arise from a sufficient startlingness to distract an ordinary thoughtful person. The fact a person is preparing lunch and at the same time conversing with another is no excuse for a failure to use her eyesight when moving about, for a person can perform these duties and also look where one steps; especially is this true where the danger is patent and startling within itself, as this missing step was.

"We can understand how terror, caused by the near approach of a runaway horse, or of a rabid dog, or the approach of any dangerous animal, or the threatening aspect of a dangerous, violent man, or a sudden fire alarm, or the happening of an accident to any person in view of one, or the suddenly communicated news of the illness of a relative or friend, or the absorption of the mind in the condition of a sick relative or friend just visited, or about to be visited, or even the hail of an acquaintance across the street, may divert the attention from a known danger, without impeachment of negligence on the part of the person so diverted (having respect however always to the gravity of the danger, which, when great, should command a greater attention); but we do not see how one can be excused who admits that there was nothing to divert his attention, that he simply forgot—that is, that he failed to pay attention to his going. Therefore, while it is true, as laid down in Knoxville v. Cox [103 Tenn., 368, 53 S. W., 734], that the mere fact of a temporary lapse of memory in presence of a known danger is not always proof of negligence, yet we think this must be understood with the qualification above indicated; that is, that such lapse must be shown to have reasonable cause, one which is apart from mere inattention. . . .

"We are of the opinion, therefore, that defendant in error was, on his own showing, inexcusably negligent, and that the trial judge should have given the peremptory instruction called for." Mayor & Aldermen v. Cain, 128 Tenn., 250, 159 S. W., 1084, 1085, Ann. Cas., 1915B, 762.

We think this verdict was properly directed by the trial judge for two reasons: (a) The plaintiff was guilty of gross contributory negligence; (b) the gravity of the danger was so great, and the distraction was so trivial, that the plaintiff was not excusable in negligently stepping out because of her momentary forgetfulness.

There is no error in the judgments of the lower courts, and they are affirmed, with costs.

Thompson, J., and Cassell, P. J., concur.