WILENZICK *et al. v.* AUSTIN *et al.*

(*Nashville,* December Term, 1943.)

Opinion filed February 5, 1944.

592

Hugh Stanton, of Memphis, for plaintiffs in error.

Mary Guidi, of Memphis, for defendants in error.

Mr. Justice Gailor delivered the opinion of the Court.

This is a petition for *certiorari* by defendants who seek a review of a verdict and judgment against them in the Circuit Court of Shelby County, which, after motion for new trial was overruled and appeal perfected, was affirmed by the Court of Appeals. The cause of action was one for personal injuries sustained by the wife of a tenant brought against the landlord and the landlord's agent. The amount of the verdict was $250 for the wife, Cassie Austin, for personal injuries, and $50 for Essex Austin, husband, for medical expenses and loss of services.

The tenant Essex Austin testified that he had notified first the rental agent, and later the defendant, Wilenzick, of the dangerous condition which existed in the floor of

the kitchen of the leased premises. That the rental agent notified him that he had transmitted notice to the landlord, and later Wilenzick, the landlord, inspected the floor and promised to make the necessary repairs, or have them made.

According to plaintiffs' testimony, about two weeks after the inspection, Cassie Austin, while mopping the floor, fell through it, injuring her leg and thigh and suffered painful injuries, for which she brought suit and recovered a judgment for $250. Her husband, in a companion suit, was awarded $50 for medical expenses.

The petition presents five assignments of error.

■ The first is that there is no evidence to sustain the verdict. We find material evidence to sustain the verdict in the testimony of the two plaintiffs and that assignment is accordingly overruled.

■ The second assignment seeks to have this court weigh all the evidence, and ascertained that it is against the verdict and in favor of the defendants. The weight or sufficiency or preponderance of the evidence is no longer a question in this court in a case where there has been a jury verdict, its approval by the trial judge and an affirmance by the Court of Appeals. It is only necessary so far as the facts are concerned that this court determine that there has been material evidence to support the verdict. In a case not dissimilar to that before us, which involved a suit for personal injuries by a patron of a department store, the limit of the function of the Appellate Court was announced to be:

"These two cases, by virtue of the sharp difference of opinion of the judges, should be a warning to appellate courts not lightly to assume the primary duty of determining liability or nonliability, in actions of tort, but to

leave that duty where the Constitution has placed it, with the jury, as triers of facts, and if they act capriciously and arbitrarily to supervise their action.'' *Jackson* v. *B. Lowenstein & Bros., Inc.,* 175 Tenn., 535, 538, 136 S. W. (2d), 495, 496.

There is no allegation that the jury, in the present case, acted arbitrarily or unreasonably, and as we find material and substantial evidence to support the verdict of the jury, the second assignment of error is overruled. Cf. Michie's Encyc. Digest, Appeal and Error, section 235, p. 617, where more than a hundred cases from the appellate courts of Tennessee are cited in support of the foregoing rule.

■ The third assignment of error is that the verdict of the jury is contrary to the law of the case. It is not stated in what particular the plaintiffs contend that this assignment is true, and this assignment must be overruled as being insufficient under Rule 14(2), 173 Tenn., 874:

''(2) Errors Specified How—A statement of the errors of fact or law relied upon to reverse or modify the same, showing specifically wherein the action complained of is erroneous, and how it prejudiced the rights of the appellant, or plaintiff in error, and reference to the pages of the record where the ruling of the court on matters constituting errors of law appear; and in case it is an error of fact, to the pages of the record where the testimony is to be found relied upon to sustain the same.''

It is equally insufficient under Rule 12, 173 Tenn., 872, because it is not ''predicated upon the judgment or decree of the Court of Appeals.''

■ The fourth and fifth assignments present the real question raised by the petition, and although they do not in terms, assign error on the opinion of the Court of

Appeals, we may fairly deduce that that is their effect, since the Court of Appeals found against the complainants on this assignment. The question is: Were the defendants entitled to a directed verdict at the end of plaintiffs' proof and at the end of their proof because the plaintiff, Cassie Austin, was guilty of contributory negligence as a matter of law?

So narrow has been the separation of judgment of liability from those of nonliability in suits for personal injuries brought by tenants or their licensees, against landlords, in the decisions of the Court of Appeals and in this court in recent years, that it is difficult to impose any general rule, except that each case must be determined by a careful consideration of its own peculiar facts. In the present case, the defective floor was a latent hazard. The tenant's husband notified the landlord and his agent of the defective condition, and notice was given directly and personally to Wilenzick, who inspected the floor himself, and promised to make the repairs. This inspection was made on July 27, 1941, and the promise renewed by Wilenzick between that date and the date of the accident on August 16, 1941. Apparently the tenancy was one from year to year, since the Austins first occupied the premises on January 1, 1938, and surrendered them on January 1, 1942, paying rent by the month.

Unfortunately, the Bill of Exceptions is in narrative form, and it is impossible for this court to have the same advantage that the jury and the trial judge had by hearing the exact testimony of the tenants as to the condition of the floor. Cassie Austin testified that the floor had a "squeaky place in it," and her husband, Essex Austin, testified that "the floor was squeaky and appeared weak." The defendant Wilenzick denied ever having inspected

the floor, or of being notified of its defective condition, so plaintiffs' is the only evidence and stands uncontradicted in the record, to show the floor's condition at the time of the accident.

In affirming the judgments for the plaintiffs, the Court of Appeals cited the case of *Solvent Savings Bank* v. *Vance,* 7 Tenn. Civ. App., 383, in which *Graff* v. *Lemp Brewing Company,* 130 Mo. App., 618, 626, 627, 109 S. W., 1044, 1047, was approved; and the Court of Appeals quoted from the latter case, the following:

"Point is made by defendant that plaintiff on his own statement of facts must be held in law to have been guilty of contributory negligence, but we do not agree with this contention. Plaintiff was justified in relying on the promise of the defendant to repair the defect, notwithstanding the lapse of a reasonable time for the performance of that duty. The mere failure of defendant to act with reasonable promptness did not compel plaintiff to construe the omission as a refusal to perform the agreement. During the period in which a reasonable man in his situation would have been justified in relying on the promise, the plaintiff was not precluded from using the premises, unless the defect was of such nature that a risk of using them was so obvious and glaring as to threaten immediate injury. If it can be said that plaintiff reasonably was justified in assuming that the danger was not imminent, his conduct in using the floor in its defective condition should be treated as an issue of fact to go to the jury, provided the defense of contributory negligence shall be presented in the answer."

We think clearly, that under the facts of the case before us here, where the only evidence was that the floor was "squeaky" and "apparently weak," that the question of

whether or not the use of the floor in its condition, constituted contributory negligence, was one of fact for the jury, and did not constitute contributory negligence as a matter of law.

The petition for *certiorari* will be denied for the reasons stated.