WILLIE LEE GARY, Plaintiff in Error, v. JULIA
PARKER et al., Defendants in Error.
—399 S.W.(2d) 325.

Eastern Section. June 16, 1965.

Certiorari Denied by Supreme Court October 4, 1965.

250

Louis J. Epstein, Chattanooga, for plaintiff in error.

Robert M. Summitt, Chattanooga, for defendants in error.

McAMIS, P. J. Plaintiff Willie Lee Gary appeals from the action of the Court in directing a verdict for defendants at the close of her proof in chief, on the ground of proximate contributory negligence.

Plaintiff sustained the injuries for which she sues on April 28, 1962, when the floor in the kitchen of the apartment she was renting from defendants gave way or broke through.

The declaration charges, and the proof shows, that about six weeks before the accident plaintiff noticed that floor was weak and a number of times thereafter told defendants' agent of this condition. The agent repeatedly promised to repair the floor and, at one time, sent a repairman who, after looking at the floor, stated that he would go to his car and get some boards to fix it. He never returned. The last promise to repair was made on Thursday preceding the accident on Saturday.

The proof shows that plaintiff could not get to the kitchen or bath room without passing over the point where she fell. Under the circumstances, if plaintiff was

negligent at all, it was in not moving out rather than continuing to use the floor. She testified she remained in the property and continued to pay the rent relying on the promise of defendants' agent to make the necessary repairs. We have concluded the question of contributory negligence should have been left to the jury.

Defendants strongly insist plaintiff knew of, and appreciated the danger. It is true at one point she testified the floor ''looked like it was dangerous''. The general purport of her testimony, however, is that the floor was ''just weak'' or, as expressed at one point, ''real weak''. Plaintiff's witness, Mrs. McWhorter, testified, ''you could tell it was weak'' but not ''weak enough to think that it would fall''; that she would not have thought it would fall.

It was the prerogative of the jury, after considering plaintiff's testimony in its entirety along with that of Mrs. McWhorter, to decide whether plaintiff was guilty of proximate contributory negligence in remaining in the apartment.

We have held repeatedly that a case can not be taken from the jury because some of the evidence offered by the plaintiff tends to support defendant's theory and contention, where other evidence offered by the plaintiff and the inferences to be drawn therefrom are sufficient to support a verdict. Pearson Hardwood Flooring Co. v. Phillips, 22 Tenn.App. 206, 120 S.W.(2d) 973; Sepaugh v. Methodist Hospital, 30 Tenn.App. 25, 202 S.W.(2d) 985; City of Chattanooga v. Ballew, 49 Tenn.App. 310, 354 S.W.(2d) 806.

Even if plaintiff's testimony that the floor ''looked like it was dangerous'' had been the only proof as to

the condition of the floor the case would still be för the jury. Every defect of this nature implies danger in some degree. However, it is only where the defect is such as to place the tenant in a position of "imminent and serious danger" that the tenant is guilty of negligence as a matter of law in not moving out and relying upon the landlord's promise to repair. The quoted language appears in Robinson et al. v. Tate, 34 Tenn. App. 215, 236 S.W.(2d) 445, where the Court, speaking through Swepston, J., later a Justice of the Supreme Court, said:

"The tenant is entitled to rely upon such promises (to repair) for a reasonable length of time, except of course in the face of *imminent and serious danger,* and what is reasonable is ordinarily for the jury. Gray v. Spitler, 10 Tenn.App. 34; Solvent Savings Bank v. Vance, Tenn. Civ.App., 7 Higgins 383; Lang v. Henderson, supra [147 Tex. 353, 215 S.W.(2d) 585]." (Italics ours)

Other cases contain similar expressions. Mr. Justice Gailor in his opinion in Wilenzick v. Austin, 180 Tenn. 591, 177 S.W.(2d) 548, notes that this Court in that case quoted with approval from Graff v. Lemp Brewing Company, 130 Mo.App. 618, 626, 627, 109 S.W. 1044, 1047, as follows:

"* * * Plaintiff was justified in relying on the promise of the defendant to repair the defect, notwithstanding the lapse of a reasonable time for the performance of that duty. The mere failure of defendant to act with reasonable promptness did not compel plaintiff to construe the omission as a refusal to perform the agreement. During the period in which a reasonable man in his situation would have been justified in relying on the promise, the plaintiff was not precluded from using the premises,

unless the defect was of such nature that a risk of using them was so obvious and glaring as to threaten *immediate* injury. If it can be said that plaintiff reasonably was justified in assuming that the danger was not *imminent,* his conduct in using the floor in its defective condition should be treated as an issue of fact to go to the jury * * *.'' (Italics ours)

In the Wilenzick case, just cited, the tenant knew that the floor was ''squeaky and appeared weak''. The landlord was notified and, as here, inspected the floor and agreed to make repairs. In reliance on this promise the tenant and his wife who was injured continued to walk over the floor from the date of the promise, July 27, 1941, until August 16, 1941, when the accident occurred. The Court in that case said:

''We think clearly, that under the facts of the case before us here, where the only evidence was that the floor was 'squeaky' and 'apparently weak', that the question of whether or not the use of the floor in its condition, constituted contributory negligence, was one of fact for the jury, and did not constitute contributory negligence as a matter ol law.''

To the same effect see McGuffey v. Dotley, 53 Tenn. App. 250, 381 S.W.(2d) 585.

▆ The continued payment of the rent constituted supporting consideration for defendants' promise to repair. Gray v. Spitler, 10 Tenn. App. 34. In addition to repeated promises, defendants' agent had indicated by sending a repairman to inspect the defect that the repairs would be made and we think it was for the jury to say whether plaintiff was justified in remaining in the apart-

ment for a period of two days after the last promise was made.

The cases cited in defendants' brief are distinguishable on their facts:

In Glassman v. Martin, 196 Tenn. 595, 269 S.W.(2d) 908, the defect was held to be latent. The tenant had never notified the landlord of the defect and he was completely unaware of it. The contrast here is too obvious to justify discussion.

In Pass v. Jones, 16 Tenn. App. 321, 64 S.W.(2d) 511, there was a promise to repair an outside step, the top of which was missing. Plaintiff was held guilty of gross negligence in relying on the promise to repair and continuing to use it while pregnant. In effect the opinion holds that the danger was "imminent and serious".

Neither Diamond v. Drew, 17 Tenn.App. 488, 68 S.W. (2d) 955, nor Talley v. Curtis, 23 Tenn.App. 181, 129 S.W.(2d) 1099, involved a breach of a promise to repair.

Reversed and remanded at the cost of defendant in error. Costs of the Circuit Court will abide the final result.

Cooper and Parrott, JJ., concur.