## G. L. COATS, Respondent, v. H. M. MERIWETHER, Appellant.

### Kansas City Court of Appeals, June 6, 1910.

1. **LANDLORD AND TENANT: Covenant to Repair.** If a landlord leases real property and does not agree to keep it in repair, it is not his duty to do so, and therefore he is not liable to a charge of negligence for not doing so.

2. ————: ————: **Stairways and Hallways in Common.** If a landlord lets several apartments in one building and maintains stairs and hallways for use of all tenants, it is a reservation of such ways and an implied obligation arises against him to keep them in reasonably safe repair.

3. ————: ————: **Joint Occupation.** A landlord rented the lower room and basement of a two-story building, with heat, to a tenant, and did not agree to repair. There was a furnace in the basement and the landlord kept coal in it during the cold season as fuel for the furnace and he employed a man to keep up the fire. *Held*: That it was not the landlord's duty to keep the sidewalk covering to a part of the basement in repair, and that he was not liable to a sub-tenant who was injured by the walk giving way and precipitating him into the basement.

Appeal from Jackson Circuit Court.—*Hon. Denton Dunn,* Special Judge.

REVERSED.

*Ball & Ryland* for appellant.

The evidence wholly fails to sustain any verdict against the defendant: (a) Because being landlord out of possession at the time of the accident, he is not liable. (b) Because, in any case, the undisputed testimony shows diligent attention to the premises on his part, though not incumbent on him. (c) Because the negligence charged, *viz.*: failure to inspect and repair after the flood of 1903, is not only not proven, but is affirmatively disproven. (d) Because the infirmity in the supports was latent and not discoverable by ordinary care in inspection. Roberts v. Colby, 100 Mo. App. 500; Whitby v. McLaughlin, 183 Mo. 81; Ploen v. Staff, 9 Mo. App. 309; Fehlhauer v. St. Louis, 178 Mo. 635; Graff v. Brewing Co., 130 Mo. App. 618; Mancusco v. Kansas City, 74 Mo. App. 138; Gordon v. Peltzer, 56 Mo. App. 599; Benjamin v. Street Ry. Co., 133 Mo. 274; Baustion v. Young, 152 Mo. 317; Buckley v. Kansas City, 156 Mo. 16.

*Lathrop, Morrow, Fox & Moore* and *George J. Mersereau* for respondent.

The evidence was sufficient to send the case to the jury on the defendant's negligence. White's Supp. Law of Negligence, sec. 1137; 18 Am. and Eng. Ency. Law, 245, par. 11; Herdt v. Koenig, 137 Mo. App. 589; Marcheck v. Klute, 133 Mo. App. 280; Dollars v. Roberts, 130 N. Y. 269, 14 L. R. A. 238; Davis v. Power Co., 107 Cal. 563; Payne v. Irwin, 144 Ill. 482; Priest v. Nichols, 116 Mass. 401; Shipley v. Fifty Associates, 101 Mass. 251; Jones v. Friedenberg & Co., 66 Ga. 505.

ELLISON.—This is an action to recover damages on account of a personal injury received by the plain-

tiff through the alleged negligence of defendant. Plaintiff prevailed in the trial court.

Defendant was the owner of a building in Kansas City which was two stories in height with a basement beneath. He rented the first floor and basement to one Huffine and the latter rented to plaintiff; that is, plaintiff became a sub-tenant and joint occupant with Huffine by renting from the latter. There was a sidewalk in front of the building and the basement extended under this walk. As plaintiff was about to enter at the door, a portion of the walk gave way with him and he fell through into the basement and received the injuries of which he complains.

It is conceded that defendant did not agree to keep the premises in repair and the law is that in the absence of such agreement the landlord is not liable for injuries received by reason of any defect therein. When premises are rented to a tenant, exclusive possession and control go along with them, and when there is not a right in the landlord to exclusive control, there is no duty on him to repair. [McGinley v. Alliance Trust Co., 168 Mo. 257; Ward v. Fagin, 101 Mo. 669; Andrus v. Bradley-Alderson Co., 117 Mo. App. 322; Peterson v. Smart, 70 Mo. 34; Kerr on Real Property, secs. 1322, 1323.

But plaintiff insists that while there was no agreement on defendant's part to repair, he retained control and possession of the basement, and therefore it was his duty to keep it in repair, and a failure to do so was negligence. Plaintiff likens the case to that of the owner of apartment houses, or what are known as flats, or an office building, which have hallways, stairways or elevators, for the common use of the tenants of the different apartments or offices, and where it is held that the landlord reserves and remains in control of such hallways, stairways and elevators and an implied obligation arises that he shall keep them in rea-

sonably safe condition (McGinley v. Alliance Trust Co., supra).

But the evidence in this case does not bring it within that rule. Defendant testified that he rented the basement to Huffine and the latter did not deny it in his testimony, and he occupied it by storing things therein, and it contained a wash basin, a closet and urinal in the continuous use of Huffine. He stated that he did not think defendant had a right to rent it to any one else. The only entrance to it was from Huffine's offices. But it also appeared that there was a heating furnace in the basement with which defendant heated Huffine's and other parts of the building in the seasons of the year requiring heat, and that for that purpose he kept coal therein in such seasons, and that a janitor or fireman would enter the basement through Huffine's rooms to start and replenish the fire.

We consider that such evidence did not show that defendant reserved control of the basement. The possession and use of the basement was in Huffine, with the right of defendant to keep fuel therein during cold weather for the purpose of keeping up the heat which it was his duty to maintain. It is common knowledge that landlords frequently rent a building, especially a business building, with the agreement that they are to provide a janitor to keep it clean, and perhaps a watchman to protect it from fires or trespassers, yet it would not be supposed that such a landlord thereby retained such control as made it his duty to keep the building in repair, if he had not agreed to do so.

"The defendant's demurrer to the evidence should have been sustained. The judgment is therefore reversed. All concur.