JOHN GRAFF, Appellant, v. WM. J. LEMP BREW-
ING COMPANY, Respondent.

Kansas City Court of Appeals, July 9, 1910.

1. **LANDLORD AND TENANT: Negligence: Promise to Repair.**
Ordinarily, an action sounding in tort for the recovery of
damages for personal injury sustained by the tenant in con-
sequence of the breach of the landlord's promise to repair,
cannot be maintained, even in cases where the promise was a
part of the contract of letting. The measure of damages
in such cases is the expense incurred by the tenant in the
doing of the work the landlord agreed to do, but did not. A
breach of a mere contractual duty will not afford a cause of
action *ex delicto*.

2. ———: ———: **Exception to the Rule.** Where the floor of a
building rented to a tenant is not only defective, but is in a
dangerous condition, and its use by the tenant would be a
constant menace to his safety, the landlord, having knowledge
of this condition, is negligent in failing to make the necessary
repairs, and if the tenant, without fault on his part, is injured
as the result of such negligence, he has a cause of action.

3. ———: ———: ———. There are exceptional cases where the
landlord's failure to perform his promise to repair is more than
a mere breach of contract. In such case it is the breach of a
duty imposed by the relationship established with his tenant.

Appeal from the Jackson Circuit Court.—*Hon. Her-
mann Brumback,* Judge.

REVERSED AND REMANDED.

*John I. Williamson* for appellant.

*F. V. Kander* for respondent.

The petition does not state a cause of action. Zel-
lars v. Missouri Water & Light Co., 92 Mo. App. 107.

JOHNSON, J.—This is a suit by a tenant against his landlord to recover damages for personal injuries which it is alleged were caused by the negligent breach of the landlord's duty to repair the premises. Defendant demurred to the petition on the ground that it failed to state facts constitutive of a cause of action. The demurrer was sustained, plaintiff refused to plead further, and judgment was rendered for defendant. Plaintiff appealed to this court and holding that a good cause of action was pleaded, we reversed the judgment and remanded the cause. [130 Mo. App. 618.] At the time our opinion was filed, April 8, 1908, our attention had not been called to the opinion of the Supreme Court in Glenn v. Hill, 210 Mo. 291, which was filed March 17, 1908, three weeks before the announcement of our opinion. When the cause was again heard in the trial court defendant renewed its demurrer to the petition and contended that the doctrine of our decision had been repudiated by the Supreme Court in the Glenn case. The learned trial judge adopted that view of the two decisions and, giving controlling effect to that of the Supreme Court, again sustained the demurrer. Plaintiff stood on the petition, judgment was rendered for defendant and again plaintiff appealed to this court.

The prominent features of the present case thus may be stated: At the time of the letting of the premises, the floor of the building not only was defective, but it was in a dangerous condition and its use by the tenant would be attended by risk of personal injury. With knowledge of this condition, the landlord, as a part of the contract of letting, promised to repair the floor and the tenant relied on the promise. The landlord negligently failed to make the repairs and the tenant while properly using the floor sustained personal injuries in consequence of its defective condition.

In our former opinion, we gave complete approval to the doctrine that an action sounding in tort for the recovery of damages for personal injuries sustained by

the tenant in consequence of the breach of the landlord's promise to repair could not be maintained even in cases where the promise was a part of the contract of letting, and held that "the measure of damages in such cases is the expense incurred by the tenant in the doing of the work the landlord agreed to do but did not, and that personal injuries to the tenant sustained in consequence of the defective condition are a result too remote to be considered as having been in the contemplation of the parties at the time the contract was made." In the Glenn case this rule was stated in about the same way and we fail to find anything in that decision which militates against the soundness of the other rule we announced— that while a breach of a mere contractual duty will not afford a cause of action *ex delicto* and while ordinarily a breach by the landlord of his promise to repair is to be regarded as a violation of a mere contractual obligation, there are exceptional cases of which the present is one, where the landlord's failure to perform his promise to repair is more than a mere breach of contract. It is the negligent breach of the duty imposed by the relationship he established with his tenant. That a duty of that nature may be made an integral part of the relationship of landlord and tenant is a proposition recognized as sound by the authorities quoted in the Glenn case and we find no intimation in the opinion of the Supreme Court of a disapproval of that proposition. We repeat here the quotation of the Supreme Court from the case of Dustin v. Curtis, 67 Atl. 220, 74 N. H. 266:

"It does not follow that this action of tort for negligence can be maintained against the defendant because of her omission in this respect, unless her failure resulted in the breach of a duty imposed by law, as well as the breach of an obligation created by the agreement of the parties. 'Actionable negligence is the neglect of a legal duty. . . . To bring the case within the category of actionable negligence, some wrongful act must be shown, or a breach of some positive duty. . . . The

Graff v. Brewing Co.

duty to do no wrong is a legal duty. The duty to protect against wrong is, generally speaking and excepting certain intimate relations, in the nature of a trust, a moral obligation only, not recognized or enforced by law.' . . . In accordance with the foregoing authorities, it may be stated as a principle of law that, where the only relation between the parties is contractual, the liability of one to the other in an action of tort for negligence must be based upon some positive duty which the law imposes because of the relationship, or because of the negligent manner in which some act which the contract provides for is done; and that the mere violation of a contract, where there is no general duty, is not the basis of such an action. This being so, and the relation between the parties to this suit being that of landlord and tenant, and it having been decided in Towne v. Thompson, 68 N. H. 317, that no duty is imposed by law upon a landlord to make repairs upon leased premises for the benefit of his tenant or a member of the tenant's family, it follows that the present action cannot be maintained because of the mere failure of the defendant to keep her agreement to repair."

We held that the promise of a landlord to repair a defect of a character so dangerous that it would be a constant menace to the personal safety of the tenant created a duty, the negligent breach of which would constitute a tort. Nothing is said in the Glenn case at variance with this view and since we are "of the same opinion still" it follows we must hold that the trial court erred in sustaining the demurrer to the petition. Accordingly the judgment is reversed and the cause remanded. All concur.