ADDIE DAILEY, Respondent, v. GEORGE VOGL, Appellant.

Kansas City Court of Appeals, February 15, 1915.

1. **LANDLORD AND TENANT: Repairs: Contract: Tort.** A landlord is under no obligation to repair the premises he rents to a tenant unless he agrees to do so, and therefore is not guilty of a tort in not making repairs.

2. ———: **Contract: Personal Injury.** If a landlord agrees with his tenant to repair the premises and does not do so, he is

not liable in damages for personal injury to the tenant occur-
ring by reason of the nonrepair; such damages being too
remote.

3. ———: **Duty: Contract: Action: Election.** Where the law
creates a duty apart from the contract and there is a breach
by one party, the other may bring his action on the contract,
or in tort on the case, as he may elect. He may complain
of a breach of the duty.

4. ———: **Relation of Parties: Remedy.** But where the relation
of the parties is entirely contractual, with no obligation in
law beyond the contract, then the remedy is on the contract
and not in tort.

5. ———: **Contract: Abandon: Duty.** The duty which one owes to
perform his express contract is not that duty which arises by
force of the law enabling one to abandon his contract and
maintain an action in tort for breach of duty.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

REVERSED.

*Battle McCardle* and *Frank Barry* for appellant.

(1)   A tenant cannot maintain against a landlord
an action in tort for personal injuries due to his omis-
sion to repair premises which have passed into the pos-
session and control of the tenant, even if the landlord
has agreed to make the repairs.   Glenn v. Hill, 210
Mo. 291; Korach v. Loeffle, 168 Mo. App. 414; Kushes
v. Ginsberg, 99 App. Div. N. Y. 417, 91 N. Y. S. 216;
Reams v. Taylor, Utah, 87 Pac. 1089, 31 Utah, 288;
Cromwell v. Allen, 151 Ills. App. 404; Lipschitz v. Ra-
papart, 133 N. Y. S. 385; Hamilton v. Feary, 8 Ind.
App. 615, 35 N. E. 48; Thompson v. Clemens, 96 Md.
196, 53 Atl. 919; Miles v. Janvrin, 196 Mass. 431, 82
N. E. 708.

*Botsford, Deatherage & Creason* and *Ross J.
Ream* for respondent.

(1)   The petition states a good cause of action.
Collins v. Fillingham, 129 Mo. App. 342, 345; Graff v.

Brewing Co., 130 Mo. App. 618; Graff v. Brewing Co., 145 Mo. App. 364; Glenn v. Hill, 210 Mo. 296.

ELLISON, P. J.—Plaintiff was defendant's tenant in one of his dwelling houses and claims that she suffered personal injury on the premises by falling on one of the board walks in the yard, which he had promised to repair. She brought this action for damages and recovered judgment in the circuit court.

The evidence in plaintiffs behalf tended to prove that her husband rented the house from defendant, but while they were occupying it they became estranged and separated and that in consideration of defendants promise to repair the walk, she agreed to remain as his tenant at the rental her husband had been paying. That he failed to repair the walk, although frequently reminded and requested to do so. That finally, she broke through a defective board and fell whereby she was injured.

If one merely hires anothers premises, there being no fraud or deception and goes into the exclusive possession, he takes them *caveat emptor* without warranty. The rent he agrees to pay is supposed to be rated according to the kind of habitation he gets. If there is an agreement that the landlord will repair the premises and he breaches the contract, he is liable on the contract to the tenant in damages. But in the absence of a contract, he is under no obligation to repair and therefore is not liable in tort for negligence. This has been the rule in this State, beginning at an early day and continuing to the present time. [Via v. Weld, 17 Mo. 232; Morse v. Maddox, Ibid. 569; Peterson v. Smart, 70 Mo. 34; Ward v. Fagin, 101 Mo. 669; Glenn v. Hill, 210 Mo. 291; Andrus v. Bradley Alderson Co., 117 Mo. App. 322, 325; Coats v. Merriweather, 144 Mo. App. 89, 91; Roberts v. Cottey, 100 Mo. App. 530.]

It is supported by the highest authority in other jurisdictions. [Tuttle v. Gilbert Mfg. Co., 145 Mass.

169; Davis v. Smith, 26 R. I. 129; Dusten v. Curtis, 74 N. H. 266; Stetz v. Van Duzen, 93 App. Div. (N. Y.) 358, 87 N. Y. Supp. 716.] These cases are cited by our Supreme Court in Glenn v. Hill, supra. But there are a great number of others, as will be seen by reference to textbooks and enclyclopedias. [1 Taylors Landlord and Tenant, secs. 327, 328; 1 McAdam Landlord & Ten. (4 Ed.), 475; 18 Am. & Eng. Ency. Law (2 Ed.), 231, 234; 24 Cyc. 1115.]

If the landlord contracts to make repairs and neg-. ligently fails to do so, he is liable in damages for breaching the contract; but this does not include liability and damages for personal injury received by reason of such unrepaired defects, for they are too remote. [*Authorities* supra.]

He is not liable in tort for negligence. The sum of his liability is governed by his contract. For he only becomes liable by reason of his contract, therefore the contract determines its extent. Only being liable by reason of his contract, there is no duty resting upon him, except under the contract; his relation to the tenant is *entirely contractual,* and therefore an action of tort for negligence has nothing to rest upon.

But while conceding that there must be a duty owing and unperformed to sustain an action of tort for negligence, it has been said that the breach of a contract is a nonperformance of a duty and in that way an action in tort, for negligence, may be made out. Cases are relied upon in support of this which we think are not applicable. It seems altogether illogical to admit that an action of tort for negligence cannot be sustained because the landlord owes no duty to repair; and that in an action on the contract damages for tort, as in personal injuries, are too remote to be allowed; yet, by the process of making a duty out of the contract and showing it was unperformed, you have perfected an action of tort for negligence, for which you may recover damages for personal injury. But we will con-

sider this after taking up cases decided by this court and the St. Louis Court of Appeals, some cited by one and some by the other party to this controversy.

The case of Korach v. Loeffel, 168 Mo. App. 414 is unlike this in that it did not involve a lease in which there was an agreement to repair. But in the discussion of the case Judge REYNOLDS recognizes and states the law as declared by the Supreme Court in Glenn v. Hill. In the latter part of the opinion, the case is treated, by way of concession to the plaintiff, from the standpoint of an agreement to repair and the law announced as in Glenn v. Hill, that a lessor's covenant to repair will not support an action for a personal injury resulting from a breach of the covenant.

The St. Louis Court of Appeals also decided Collins v. Fillingham, 129 Mo. App. 340. That case is likewise unlike the one we are considering. There were two premises of the landlord with an upper porch, or balcony; one was one story and the other two story, the latter occupied by the plaintiff. The porch extended over the roof of the one story building and was in common to both. It was in possession of the landlord, with right of use by the tenant and belongs to that class of cases of which McGinley v. Alliance Trust Co., 168 Mo. 257; Karp v. Barton, 164 Mo. App. 389; Andrus v. Bradley-Alderson Co., 117 Mo. App. 322; Lang v. Hill, 157 Mo. App. 685, and Coats v. Merriwether, 144 Mo. App. 89, are types.

But this court ruled in Graff v. Brewing Co., 130 Mo. App. 618 and repeated it, in same case 145 Mo. App. 364, that a simple agreement to repair, created a duty to repair, and then, drawing upon the law that permits an action in tort for violated duty, held that an action could be maintained for personal injury by a tenant against his landlord who had breached his contract. The opinion at the first hearing shows that we relied much on Thompson v. Clemens, 96 Md. 196. In that case notwithstanding a promise to repair the

trial court decided there was no cause of action for personal injury and this was affirmed by the Maryland Court of Appeals. But in the course of the opinion, the court, after stating plaintiff's claim of right to sue, says (p. 205) that the plaintiff conceded damages for personal injury were not recoverable in an action *ex contractu,* on the contract to repair, but claimed that an action on the case would lie, founded on the negligent failure of the landlord to perform a duty which he had assumed by the contract. Then coming to express its own opinion the court (p. 207) said, "We have no doubt however, that no action, either in contract or in tort, by a tenant, or one of his family, against a landlord to recover damages for personal injuries should be sustained *merely because* the latter has been guilty of a breach of contract to make necessary repairs in the premises demised. It is not denied by counsel for the appellant that such damages are too remote, and not in contemplation of the parties, to be recovered in an action *ex contractu,* and to permit a recovery of such damages *based on the contract simply because* it is in form an action of tort would be making a distinction that could not be justified by reason or authority. There must be something more than a mere failure on the part of the landlord to make the repairs he has agreed to make." (Italics the Courts). Again (p. 208) the court says, "that it may be conceded that in this State (Maryland) when a landlord has agreed to make repairs, there is a *duty* resting on him to do so, and upon his failure the tenant may either sue on his contract or bring an action on the case founded in tort for neglect of that duty." Continuing, the court said, but if the suit is brought for the tort the damages will be the *same* as if brought on the contract, citing, B. & O. Ry. Co. v. Pumphrey, 59 Md. 398. In the latter case which involved the violation of the public duty of a carrier, the court said, "It makes no difference whether the form of the action is *ex delicto* or

*ex contractu,* the real and substantial gravamen of the complaint is the alleged breach of the contract, and in such case the same law is applicable to both classes of actions." Thus, it seems to us, Thompson v. Clemens, leads to this anomaly. The case agrees to the rule of law that damages for personal injury are too remote in an action for breach of a contract to repair; but are not too remote if based on a tort for breach of the duty that that contract creates, and yet also announcing that the damages are the *same* in either form of action.

We think it clear that Thompson v. Clemens and our Graff v. Brewing Co. are opposed to the great weight of authority and to sound reason as well, as we will proceed to show.

In the cases where a contract was involved and a duty was also claimed, the duty arose from the *law,* by reason of the relation of the parties, *apart* from the contract. It was never supposed that one could shelve his express contract and yet recover on a duty the contract, alone, created. If the duty is created by an express contract, then the action would be on the contract and not on a violated duty. Otherwise, as stated in Tuttle v. Gilbert Mfg. Co., 145 Mass. 1. c. 175, one, instead of bringing an action on a note, would found his action on tort for negligent breach of duty in not paying the note. In the familiar instance of cases against common carriers the law imposes a duty in addition to the contract itself, and the action may be on the contract, or for breach of the duty, the contract being mentioned if pleaded at all, only by way of inducement. The following quoted in Dustin v. Curtis, 74 N. H. 1. c. 268 will aid our meaning if transcribed here. "In Legge v. Tucker, 1 H. & N. 500, POLLOCK C. B., in stating the distinction between actions of contract and actions of tort said, 'Where the foundation of the action is a contract, in whatever way the declaration is framed, it is an action of assumpsit; but where there is

a duty *ultra* the contract, the plaintiff may declare in case.' And in Tattan v. Railway, 2 E. & E. 844, COCK-BURN, C. J., in considering the subject said, 'Whatever may be the distinction between an obligation arising out of a contract and a duty imposed by the common law on persons entering into a contract it is impossible to refer to the cases to which our attention has been called, without seeing that they establish that a duty was imposed upon the defendants (common carriers) . . . by the custom of the realm, so soon as they entered into the contract, with the plaintiff, and independently of the terms of the contract itself. The plaintiff might, had he thought fit, have brought his action on the contract; but he was also entitled to sue the defendants for the breach of their common-law duty. Having chosen the latter course, he cannot, according to the authorities, be said to have brought an action of contract.' "

So implied duties or obligations may arise from certain contractual relations and a failure to perform this implication of the law may furnish a cause of action in tort. But, "where there is an express promise, and a legal obligation results from it, there the plaintiff's cause of action is most accurately described in assumpsit, in which the promise is stated as the gist of the action. But where from a given state of facts the law raises a legal obligation to do a particular act, and there is a breach of that obligation, and a consequential damage; there, although assumpsit may be maintainable upon a promise implied by law to do the act, still an action on the case founded in tort is the more proper form of action, in which the plaintiff in his declaration states the facts out of which the legal obligation arises, the obligation itself, the breach of it, and the damage resulting from that breach." [1 Chittys Plead. (16 Ed.), 195, 196.]

The question of whether an action in tort for breach of duty by the negligence of the landlord in fail-

ing to make repairs where he had contracted to do so
could be maintained is thoroughly discussed in Davis
v. Smith, 26 R. I. 129, and the conclusion reached that
it could not. The same may be said of Stelz v. Van
Duzen, 93 App. Div. (N. Y.) 358 (87 N. Y. Supp. 716).
The greater part of the authorities herein referred to
were examined by the Supreme Court in Glenn v. Hill,
210 Mo. 291, supra. The language of the Supreme
Court is so applicable to the present case and so de-
cisive of it, that we will set out a part. The court said,
(p. 299) "Here the plaintiff seeks to convert the
breach of contract into a tort, and claims the right to
maintain the action to recover damages for the death
of her husband under section 2865, Revised Statutes
1899. Even if the promise to repair had been made
upon a valuable consideration, and defendants had
breached the contract, such breach would not have
furnished a basis for an action of tort under said
section 2865, but the remedy would be an action for
damages for breach of the contract. Even if plain-
tiff's husband had recovered from the disease which it
is claimed he contracted, and from which he died, he
could not, under the allegations in the petition, have
sustained an action for personal, damages therefor
and by the provisions of said statute, it is only when
the injured person, if he had survived, could have main-
tained an action for damages, that such action survives
to his representatives in case of his death."

Immediately following this, the court quotes from
the case last above cited, the following: "The grava-
men of the plaintiff's cause of action was the defend-
ant's failure to fulfill his promise to repair. No action
for negligence was maintainable on this basis, and the
complaint ought to have been dismissed. Assuming
the making of the alleged agreement to repair, the
breach thereof did not confer upon the tenant or his
wife any right of action based upon negligence. The
relation between the parties to the agreement was

purely contractual, and the vioaltion of the contract by the landlord did not create any liability in tort.''

To the same effect is a late English case, Cavalier v. Pope, 2 Kings Bench Div. (1905) 757, which was affirmed on appeal to the House of Lords where several interesting opinions were delivered. [Appeal Cases (1906) 428.]

If the landlord in this case had agreed to keep and maintain the walk in safe condition and he had retained control of it so as to be able to watch over it and effectuate that purpose, plaintiff, having the right, of course to use it, a different question would be involved. For if he then carelessly neglected its safety, in consequence of which the tenant was injured, he would be guilty of a wrong and the case would belong to that other class which we have mentioned above (McGinley v. Alliance Trust Co., 168 Mo. 257) where the place involved remains in charge of the landlord whose duty, whether express or implied, is to keep it in safe condition for the common use of his different tenants, as in the instance of stairways, halls, porches, etc., in flats or tenement houses.

And this is stated to be the law in Miles v. Janvrin, 196 Mass. 431, 433-435. In that case it is said (p. 433) that ''To charge a landlord in tort for personal injuries caused by a negligent omission to make needed repairs, not only must the tenant prove that the landlord agreed to keep the premises in repair, but he must go one step further and prove that the landlord agreed to maintain the premises in a safe condition for his (the tenant's) use. That is to say, he must prove that during the term of the lease, so far as their safety is concerned, the premises to be kept in repair are to remain in the control of the landlord (as they would have remained had there been no lease) with nothing but a right in the tenant to use them. In short, that, so far as their safety is concerned, the landlord's relation to the premises to be kept in repair

is the same as that of a landlord in case of common passageways in a tenement house." Again the court said (p. 434, 435), "Where the arrangement between the landlord and the tenant is that during the term of the lease the landlord is to be responsible for the safety of a flight of steps which leads from the highway to the demised house, the direct way of carrying that arrangement into effect would be to give the tenant nothing but a right to use the steps. This would leave the steps in the control of the landlord, and, being in his control with an agreement to keep them in repair, the case would come within the principle of Domenicis v. Fleisher, 195 Mass. 281, and within the decision in Miller v. Hancock (1893), 2 Q. B. 177. But in such a case it is possible for the parties to carry out that arrangement by including the flight of steps in the premises demised with an agreement by the landlord to become absolutely liable for the maintenance of them in a safe condition during the term of the lease. If such a contract were made by a stranger (for example by a carpenter) the contract would put the flight of steps in the control of the carpenter during the term of the lease, so far as necessary to insure their being in a safe condition, on the principle applied in Quinn v. Crimmings, 171 Mass. 255, and Wixon v. Bruce, 187 Mass. 232. There is nothing to prevent the same contract being made to carry out the arrangement between a landlord and tenant stated above, although, as we have said, the direct way of carrying out such an arrangement would be to give the tenant a right to use the steps only."

But the case before us does not involve such considerations; the defendant's contract was merely an agreement to repair a broken walk in the yard, and his failure to do so, in the language of COLLINS M. R. in Cavalier v. Pope, 2 K. B. (Supra) 762," is nothing but remissness in carrying out a contract."

We are constrained by the foregoing considerations to reverse the judgment. *Johnson* and *Trimble*, *JJ.*, concur in separate opinions.

## SEPARATE CONCURRING OPINION.

JOHNSON, J.—The facts in the record, as I understand them, differentiate this case in vital particulars from the state of case before us in Graff v. Brewing Co., 130 Mo. App. 618, and 145 Mo. App. 364, and I concur in the reversal of the judgment, believing that plaintiff has failed to show a breach of duty which would afford her a cause of action in tort.   But I cannot agree with the view of my brother ELLISON which, if sound, would necessitate the overruling of our decisions in the Graff case.   The better rule and the one supported by the weight of authority is that "where a covenant creates a duty, a neglect to perform that duty is a ground for an action in tort" (Chaney v. Burns, 56 N. Y. 136; Quay v. Lucas, 25 Mo. App. l. c. 8), and there can be no logical ground upon which the relationship of landlord and tenant may be exempt from the operation of that rule.   Nor can any good reason be assigned for saying that such duty cannot be created by solemn covenant in the demise of premises let to and occupied by a single tenant, but is restricted to instances where the landlord reserves control over portions of the premises used in common by several tenants, as steps, stairways, elevators, etc., in office buildings, flats and apartment houses.

That it may arise from the terms of the letting to a single tenant is a rule well sustained by authority and recognized, I think, in the decisions of our own Supreme Court.   In Glenn v. Hill, 210 Mo. 229, no covenant to repair in the contract of letting was pleaded and the Supreme Court observed that "in the absence of an agreement in the lease binding the landlord to put or keep the premises in reapir, he is not liable in

*damages for failure to do so, or for injuries sustained by the tenant by reason.*" In the subsequent discussion the court observes, as we did in the Graff case, that a mere breach of contract cannot be converted into a tort and consequently that a promise to repair made during the tenancy, even if supported by a consideration, could not arise to the dignity of a legal duty from the landlord to the tenant, for the breach of which an action in tort would lie. A close analysis of the opinion in that case discloses an observance of the distinction between a covenant to repair in a lease which imposes a legal duty upon the landlord, and a mere contractual promise, and concedes, in effect, in the language quoted, that a legal duty could be created by covenant for the breach of which an action in tort might be maintained.

No case to which my attention has been called supports the extreme view that no such duty can be created in a demise except as to parts of premises used in common by different tenants. The nearest approach to such doctrine appears in Miles v. Janvrin, 196 Mass. 431. But the keynote of that opinion is that to maintain an action for injuries the tenant must prove, not only that the landlord agreed to keep the premises in repair, "but he must go one step further and prove that the landlord agreed to maintain the premises in a safe condition for his (the tenant's) use. . . . there is a difference between a landlord's agreeing to maintain premises in a safe condition for the tenant's use and a contract to keep the tenant's premises in repair." And in the case of Cavalier v. Pope, 2 K. B. (1905) 757, cited as an authority in the principal opinion, COLLINS, M. R., is careful to note in his statement of facts that the "terms (of the letting) were not reduced to writing, and there is no finding that anything was then said about repairs." In denying the right to recover damages he observed, "There was no contract for repairs on the creation of the tenancy. It

187MoApp18

was not made till sometime afterwards, and then it was not a contract to keep in repair but to do certain specific repairs. I think the effect of this contract was not to put the landlord into control of the premises so as to fix him with liability for a nuisance existing thereon.'' Certainly this must be regarded as an intimation that a duty to repair, as distinguished from a mere contractual promise, may be created in the contract of letting. There is no doubt that the landlord, for the purpose of performing such duty, may be given control of the premises in the contract of letting, whether the entire premises be for the sole use of the tenant or for a number of tenants.

Since the separate opinion of my brother TRIMBLE appears to recognize the principle I am holding is sound and does not concur in disapproving the decision in the Graff case, in which I think the principle was correctly applied, but merely withholds expressing an opinion on the subject of the applicability of the principle to the facts of that case, I concur with the conclusion in his opinion that the judgment in the instant case should be reversed because the facts do not show a breach of duty giving plaintiff a cause of action in tort.

## SEPARATE CONCURRING OPINION.

TRIMBLE, J.—In this case, plaintiff pointed out to defendant two places in the walk where the boards were off or loose while the rest of the walk was in seemingly good condition. As one of the conditions of her leasing the property, she required him to repair the walk and he agreed to do so. He failed to perform his agreement and she broke through the walk at a point other than where the defects appeared, though this last fact makes little or no difference so far as defendant's liability in this case is concerned.

The facts being as here stated, it is not seen how defendant could be held liable in tort. The very defini-

tion of tort negatives this since the word *tort* "denotes an injury inflicted otherwise than by a mere breach of contract; or to be more nicely accurate, a tort is one's disturbance of another in rights which the law has created, either in the absence of contract or in consequence of a relation which a contract has established between the parties." [Bishop on Non-Contract Law, sec. 4.]

The defendant cannot be held liable for plaintiff's personal injuries whether the petition be treated as one in tort or as one for damages for breach of contract. There was no covenant on the part of the landlord to *keep* the walk in a safe condition. Such a covenant would be in the nature of a guaranty that the walk would not be unsafe. He made no such covenant. He merely agreed to repair. There is a vital distinction between the two agreements. [Miles v. Janvrin, 196 Mass. 431, l. c. 433.] Under the former the tenant would perhaps have a right to rely upon the assurance that the landlord would allow no harm to befall him on account of defects in the walk, and the landlord would be in duty bound to protect him in that regard. This is certainly true if the covenant, by implication, leaves the walk in the landlord's possession for the purpose of keeping the terms of the contract. But, even in the event of such a covenant, the question might arise whether or not recovery should be on the breach of the covenant to keep in safe condition, rather than on a tort? Under such a covenant or guaranty, the personal injuries resulting from a failure to observe it might be said to be within the contemplation of the parties, and hence recoverable on a breach of that particular and special covenant.

But a mere agreement or covenant to repair, places no duty upon the landlord to protect the tenant. The latter is still left where the law leaves him. He must look out for himself. Unless there is a legal duty resting upon the landlord to protect the tenant from harm,

he has committed no tort. He has merely violated his contract. In such case, whatever cause, of action the tenant has is only on the contract. He cannot set up a mere contract and recover in tort. It is only when the violation of a contract also creates a tort—that is, violates an obligation which the law imposes upon the relation created by that contract—that a recovery in tort arising from the breach of a contract may be had. In such case, strictly speaking, the contract is not the basis of the tort but is referred to only because it creates the relation out of which the tort-feasor's duty to the injured one arises.

The petition in this case stated, and the evidence showed, a contract that was nothing more than an agreement or covenant to repair, and not a covenant to keep the walk in a safe condition or a guaranty that it would be safe. Hence, no matter what view may be taken of the petition, plaintiff is not entitled to recover.

The Graff decisions (130 Mo. App. 618 and 145 Mo. App. 364), mention and discuss the rule that a landlord cannot be sued in tort for the breach of a covenant to repair, and seem to give assent to this doctrine. If, however, they violate such rule in their application of the law to the facts in that case, or if the facts in the Graff case are the same as in this one, then the Graff decisions should be no longer followed.

Whatever may be the situation in that regard, I concur in reversing the judgment in this case.