WINIFRED ANN NORRIS, BY. LINCOLN D. NORRIS, NEXT FRIEND, APPELLANT, v. FRANK P. WALKER AND ETHEL M. WALKER, RESPONDENTS.—110 S. W. (2d) 404.

Kansas City Court of Appeals. November 27, 1937.

*Mayer, Conkling & Sprague* and *Edw. B. Wilkinson* for appellant.

*Shultz & Owen* for respondent.

SPERRY, C.—Winifred Ann Norris was plaintiff below and will be so designated this court. She was three and one-half years of age when the injury complained of herein was received. This suit was brought in her behalf by her father as next friend. Defendants below are the owners of an apartment house in St. Joseph, which was leased to the parents of plaintiff. The owners will be designated as defendants in this court.

The trial court sustained a demurrer to plaintiff's petition. She refused to plead further, whereupon judgment was entered against her. From this judgment plaintiff has appealed. Therefore the sole question involved here is whether plaintiff's petition stated a cause of action.

Plaintiff sued defendants for damages alleged to have been sustained when she fell from a landing adjacent to and used as an entrance to the second story apartment occupied by plaintiff and her parents. She alleges in her petition that this landing is reached by a stairway in the rear of and outside of the building; that when the parents of plaintiff were negotiating for the lease of the apartment they told defendants, verbally that they had a small child, three and

one-half years of age, the plaintiff herein; that the stairway and landing and the balustrade at the outer edge of said stairway and landing were open and unguarded, except by an open and insufficient balustrade consisting of two rails or pieces of 2 x 4 lumber laid approximately parallel with said stairway and landing, one of said rails being approximately 18 inches above the floor of said stairway and landing and the other being approximately 18 inches above the first; that they told defendants that such a situation with reference to the stairway and landing rendered same at that time unsafe, perilous and dangerous for their said small child, this plaintiff, and that if this situation was not corrected plaintiff would be likely to fall therefrom and suffer serious injuries. She further alleged that defendants, in consideration of the agreement of plaintiff's parents to rent said apartment, and in contemplation of the possibility of plaintiff falling thru said open balustrade, agreed that, for the safety of plaintiff, they would enclose said open balustrade and enclose said open and insufficient guarded stairway and landing with wire or screening or other suitable material, in order that plaintiff might thereby be prevented from falling thru said balustrade and off of said balustrade and landing; and that, upon defendants so agreeing, plaintiff's parents agreed to and did become tenants from month to month in said premises and so remained at the time she received the injuries sued on; and that defendants retained control over said stairway and landing for the purpose of making the alterations therefore agreed upon. The petition then proceeds to set out that, altho often requested so to do, defendants thereafter negligently failed to enclose said stairway and landing as they had agreed to do, and that, as a direct result of defendant's negligence in failing to enclose said stairway and landing as heretofore stated, plaintiff fell off of said landing and struck a concrete walk some twelve feet beneath it, suffering serious and permanent injuries.

Defendants claim that they are not liable to respond in damages for a tort growing out of the violation of a contract; that they might, in this case, have been liable for any damages resulting from negligence on their part in the making of repairs or improvements had they attempted or assumed to make any. But they say they did not undertake to make any such repairs, alterations or improvements and that they are not so charged in the petition; nor, they say, are they charged therein with a *negligent performance of a duty created by the relationship of landlord and tenant*, but, are charged with a complete failure to perform an alleged *specific contractual obligation*.

"It is settled law in this state that an action lies upon a contract made by a defendant for the benefit of a plaintiff, altho plaintiff was not privy to the consideration. [Rogers et al. v. Gosnell, 58 Mo. 590, and cases cited.] But to give a plaintiff the right to sue for the

breach of a contract, the contract itself must be made for his benefit.'' [Markel v. The Western Union Telephone Company, 19 Mo. App. 80, l. c. 85 (K. C.); Marcheck v. Klute et al., 133 Mo. App. 280-292.] The contract here pleaded was made for the specific benefit of plaintiff, and, therefore, she has a right to maintain this action if she has otherwise stated a cause of action.

If defendants had gratuitously assumed to make any repair, alteration or improvement on the stairway and landing, whether or not bound to do so by contract, common law, statute, or ordinance, they would be liable to respond in damages on account of any injuries received by plaintiff caused by the negligent doing of the thing which they so undertook to do. [Glenn v. Hill, 210 Mo. 291, l. c. 297, 298, and cases cited; Shaw v. Butterworth, 327 Mo. 622, l. c. 628, and authorities there cited; Finer v. Nichols (St. Louis), 138 S. W. 889, l. c. 891.]

Is it the law that a landlord may contract with his tenant to make certain designated improvements, receive a consideration therefor, and then wholly disregard his contractual obligation and yet escape liability for personal injuries resulting to beneficiary of the contract, even tho such beneficiary suffered the very injury, and from the very cause, which was discussed and contemplated by both contracting parties when the tenancy was agreed on? That is the question we are called upon to decide here, because that is the situation pleaded; and the facts pleaded are assumed to be true for the purposes of the demurrer filed herein.

In Degnan v. Doty (Mo.), 246 S. W. 922, l. c. 925, Judge REEVES declared it to be the law: ''If there is an agreement that the landlord will repair the premises and he breaches the contract, he is liable on the contract to the tenant in damages. [Dailey v. Vogl, 187 Mo. App. l. c. 263, 173 S. W. 707; Kohnle v. Paxton, 268 Mo. 463, 188 S. W. 155; Peter Piper Tailoring Co. v. Dobbins, 192 S. W. 1044; McBride v. Gurney (Mo. App.), 185 S. W. 735; Marcheck v. Klute, 133 Mo. App. 280, 113 S. W. 654; Glenn v. Hill, 210 Mo. 291, 109 S. W. 27, 16 L. R. A. (N. S.) 699.] The court in that case merely reiterated a rule long established in this and other jurisdictions.

But general rules many times have important exceptions. For instance, another general rule declared in the case of Degnan v. Doty et al., supra, is to the effect that defendants' liability to a plaintiff can be no greater than his liability to the tenant himself. A child of tender years such as plaintiff in this case, cannot be guilty of contributory negligence, Shaw v. Butterworth, supra, whereas the tenant himself might be barred from recovery by reason of contributory negligence. It is also a general rule of law that no person except one who is a party to a contract or covenant may recover damages for its breach; but one for whose benefit the covenant was made is excepted.

[Marcheck v. Klute, supra.] It is the contention of plaintiff that the rule declared in Dailey v. Vogl, supra, and in Degnan v. Doty, supra, has its exception in this case because defendants covenanted, for a valuable consideration, at the time of the making of the lease, to make certain improvements for her protection, and that the very purpose of the agreement was to prevent the exact event which happened; that prevention of personal injury to plaintiff in the manner in which it occurred was contemplated by all parties to the covenant at the time; and that defendants reserved the stairway and landing for the purpose of making the improvements, granting the tenants only the right to use same pending improvements.

There is much authority to support this theory. In Shearman & Redfield on the Law of Negligence (6 Ed.), vol. 3, pages 1860 to 1864, it is said that, where there is a covenant on the part of the landlord to make certain needed repairs and he fails to make them in reasonable time after due notice, and where personal injuries result therefrom to a tenant or those privy to the contract, the very nature of the covenant is such as to create an anticipation that the neglect to perform the agreement will result in personal injuries to the tenant, his guests, family, and servants. That authority cites a number of Missouri cases which, the author states, hold to that effect.

In the case of Collins v. Fillingham, 108 S. W. 616, l. c. 618, the St. Louis Court of Appeals, on the authority of 1 Wood on Landlord and Tenant, pp. 790-791, in a case where plaintiff's evidence showed that her mother, a woman with several small children including plaintiff, rented a second story apartment which was reached by an outside stairway, landing on a porch upon which the apartment opened, the porch being enclosed with a balustrade which was rotten and unsafe at the time of the letting and the tenant then and there called it to the attention of the agent and he agreed to have it fixed, and from time to time thereafter lessee demanded the balustrade be renewed and repaired and defendants failed to do so, and during the tenancy plaintiff, a small child, fell when the balustrade broke with her, throwing her to a concrete pavement below whereby she suffered severe injuries for which damages were sought, held that an express covenant to make repairs was binding on the landlord and that such facts made a submissible jury case in tort.

A few months after the above decision was handed down, the same court, in the case of Marcheck v. Klute, 133 Mo. App. 280, l. c. 292, in an action for damages for death of a child who fell thru an unprotected hay chute opening in a loft upon which tenant's rooms opened, and where it was claimed the landlord agreed to cover and protect it, said: "Other questions spring into sight in connection with such an action. One is whether it would lie in tort or only in contract, the duty to cover the mouth of the chute not being imposed by

law in the absence of a stipulation. There are decisions allowing an action in tort in the nature of trespass on the case for failure to keep such a stipulation:'' But the court did not find it necessary to pass on this particular question in order to dispose of the case.

This court, in Graff v. Lemp Brewing Co., 130 Mo. App. 618, 109 S. W. 1044, 1. c. 1045, said: ''A concise statement of the rule is found in the following quotation from the opinion of this court in Roberts v. Cottey, 100 Mo. App., 1. c. 503, 74 S. W. 887: 'The law is well settled in this jurisdiction to the effect that in the absence of a covenant the landlord is under no obligations to repair the premises during the course of the tenancy, nor is he liable in damages to his tenant for injuries resulting to him (the tenant) from the failure to repair the leased premises. In the absence of contractual obligations the landlord as to his tenant is only liable for acts of misfeasance, and not for nonfeasance.' The facts before us show that defendant, with knowledge of the existence of the defective floor, agreed as a part of the contract for the renting of the premises to make suitable repairs, and that, when the injury occurred, a sufficient time had elapsed for the performance of this covenant. In such state of case the rules we have just considered is without application, . . .'' The judgment of the trial court in sustaining a demurrer in the case was reversed and the cause was remanded; but the case of Glenn v. Hill, 210 Mo. 291, relied on strongly by defendants in this case, was handed down three weeks before this court handed down its opinion in the Lemp, case, supra, and it had not been called to the attention of the court, nor considered by it in its opinion. On a retrial, the circuit court again sustained the demurrer on the authority of Glenn v. Hill, supra. The case again reached this court on appeal and is reported in Graff v. Lemp Brewing Company, 145 Mo. App. 364, 129 S. W. 1005. At 1. c. 1006 the court said of its former opinion: ''We held that the promise of the landlord to repair a defect of a character so dangerous that it would be a constant menace to the personal safety of the tenant created a duty, the negligent breach of which would constitute a tort. Nothing is said in the Glenn case at variance with this view, and, since we are 'of the same opinion still,' it follows we must hold that the trial court erred in sustaining the demurrer to the petition.''

In the case of Dailey v. Vogl (K. C.), 187 Mo. App. 261, Judge ELLISON, criticised the logic of Thompson v. Clemans, 96 Md. 196, which, he says, was strongly relied on by this court in the first reported case of Graff v. Wm. J. Lemp Brewing Co., supra, and said 1. c. 267: ''We think it clear that Thompson v. Clemens and our Graff v. Brewing Co., are opposed to the great weight of authority and to sound reason as well, as we will proceed to show. In the cases where a contract was involved and a duty was also claimed, the duty

arose from the *law*, by reason of the relation of the parties, *apart* from the contract.'' But both of the other judges of the court, Trimble and Johnson, in separate concurring opinions, make it clear that they only agree to the conclusion reached in this case on grounds other than that discussed in the portion of the opinion here quoted and that they do not assent to that part of the opinion. Both emphatically say they do not intend this opinion to overrule the holding in the Graff v. Lemp cases, supra, and reiterate and reannounce the doctrine there affirmed.

From the above case it is clear that both this court and the St. Louis Court of Appeals at one time, were committed to the doctrine that an action in tort for personal injuries received by a tenant would lie where said injuries were the consequence of the failure of the landlord to make alterations, repairs, additions or improvements which he had, at the time of the letting, for consideration, agreed to make. But, in the case of Kohnle v. Paxton, 268 Mo. 463, l. c. 479, 188 S. W. 155 l. c. 159, the court said: ''In the case at bar the petitions sound in tort, but they do not disclose such active negligence independent of the contract as will support an action of this character. In view, therefore, of the strong trend of authority limiting the right of action in such cases to suits for a breach of the contract, we feel impelled to hold that the plaintiffs have mistaken their remedy. That much may be and has been said to the contrary, especially in the well-reasoned case of Willcox v. Hines (100 Tenn. 538, 46 S. W. 297, 41 L. R. A. 278, 66 Am. St. Rep. 770), and Graff v. Brewing Co. (130 Mo. App. 618, 109 S. W. 1044), supra, we do not hesitate to admit; but, considering the nature of the actions, the relationship of the parties, as landlord and tenant, and the general law in regard to the force and effect of contracts, the doctrine declared in these cases is not approved.'' This language is quoted with approval by Judge Collett, speaking for the Supreme Court, in the recent case of Lahtinen v. Continental Bldg. Co., 97 S. W. (2d) l. c. 107.

So far as we have been able to ascertain, the last mentioned case is the last pronouncement, on this subject, by any of the appellate courts of this State. The cases last mentioned specifically overrule the Lemp cases, supra, and other contrary cases, and established the law in Missouri that a tenant may not ground an action in tort for personal injuries growing out of the failure of a landlord to perform a contractual duty, except, of course, where he also owes such a duty *apart* from the contract. He must sue on his contract for the breach thereof; and the suit and the measure of his damages will be regulated by the law of contract. He may not have judgment for damages based on personal injuries where his cause of action is grounded on a *breach of contract.*

We have not overlooked the case of Shaw v. Butterworth, supra, ardently urged by plaintiff here; but in that case the opinion of the

court rests upon the negligence of defendant in installing a window screen which he assumed (and had agreed) to install. He was there liable, under all the decisions, for negligently performing an act; but he would not have been liable in tort for a *total failure to perform* the contractual obligation.

The judgment of the trial court is affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.