# Richmond

HAZEL ALMOND NEWMAN V. JOHN E. EARLY, JR., ADM'R.

October 14, 1940.

Record No. 2263.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Walker & Taylor* and *T. W. Messick,* for the plaintiff in error.

*Homer Richey* and *Walsh & Waddell,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

This is an action for personal injuries instituted by Hazel Almond Newman, wife of the tenant, against the estate of John E. Early, the landlord. The trial court, on motion of defendant, struck the evidence and, on the verdict returned, entered judgment for defendant. This ruling of the trial court is the only question raised in plaintiff's one assignment of error.

In May, 1936, Dr. John E. Early, for and in consideration of $18 a month, demised a house and lot in Charlottesville to W. P. Newman, husband of plaintiff. Later the landlord, at the request of the tenant, repaired the back porch and a hot water tank. Dr. Early, who had only one leg, usually came to the front gate, which was about 20 feet from the front of the house, where Mrs. Newman met and paid him the rent from month to month. In March and again in April, 1938, Mrs. Newman told Dr. Early that the post on the southwest corner of the front porch had decayed and was loose at the bottom. Dr. Early promised, on each of these occasions, to repair the post. However, no repairs were

made prior to June 1, 1938. On that date Mrs. Newman, in response to a call of her next door neighbor, walked acress the porch, and, while standing on it a few feet from the decayed post, the sill supporting the porch flooring dropped several inches. This unexpected drop threw Mrs. Newman off balance. She caught the swinging post but, as it broke loose from the fastening at the top, it did not check her fall to the ground. She averred that, as a result of this accident, she sustained injuries to her spine, hips and other parts of her body, for which she seeks compensation. Dr. Early died sometime later, hence this action was brought against his personal representative.

Two legal problems are involved. The first is whether the landlord is liable in tort to plaintiff, a member of tenant's family, for personal injuries suffered by a defective sill to the porch on account of a promise to repair a post supporting the roof over the porch. The second is whether plaintiff was guilty of contributory negligence as a matter of law.

The first problem includes the question—Does a landlord's agreement to repair impose upon him liability in tort in an action by the tenant, or others lawfully on the land in the right of the tenant. On this question the authorities are divided. A majority of the courts hold that the failure of the landlord to fulfill his promise to repair property in possession and control of the tenant does not impose upon him any liability in tort. See *Jacobson* v. *Leventhal,* 128 Me. 424, 148 A. 281, 68 A. L. R. 1192; *Eberle* v. *Productive &c. Association,* 119 N. J. L. 393, 196 A. 666; *Hunkins* v. *Amoskeag Mfg. Co.,* 86 N. H. 356, 169 A. 3; *Mercer* v. *Williams,* 210 N. C. 456, 187 S. E. 556; *Berkowitz* v. *Winston,* 128 O. St. 611, 193 N. E. 343; *Chelefou* v. *Springfield Institution for Savings,* 297 Mass. 236, 8 N. E. (2d) 769; *Cullings* v. *Goetz,* 256 N. Y. 287, 176 N. E. 397, 398; *Norris* v. *Walker,* 232 Mo. App. 645, 110 S. W. (2d) 404; *Harris* v. *Lewistown Trust Co.,* 326 Pa. 145, 191 A. 34, 110 A. L. R. 749; and *Timmons* v. *Williams Wood Products Corporation,* 164 S. C. 361, 162 S. E. 329. Plaintiff concedes the

majority rule to be as stated, but contends that the minority rule, to the contrary, is supported by better reasons. See *Dean* v. *Hershowitz,* 119 Conn. 398, 177 A. 262. As we view the facts and as they appear from plaintiff's own testimony, she is not entitled to recover under either rule.

The sill or stringer was underneath the porch floor with facial boards over the side and end. Its decayed condition could have been discovered only by removing the floor and boards or crawling beneath the porch. Ordinary inspection would not have disclosed its weakened condition even if the landlord owed the tenant the duty to inspect. Mr. Newman had attempted to prevent the post from swinging by driving a small wooden wedge between the bottom of it and the porch floor. In doing this he did not observe the rottening sill. The tenant did not think it was necessary to make any further inspection. Plaintiff and her husband conceded that the front porch was in good repair when they were put in possession and control of the property. They testified that neither they nor the landlord had any knowledge of the defect which had developed since May, 1936.

In *Diamond* v. *Drew,* 17 Tenn. App. 488, 68 S. W. (2d) 955, 957, the question involved was whether a landlord had rented premises subject to a hidden defect which he should have discovered. It was held that he had not and that ordinary care did not require such an inspection. The court said: "The defect in the sleeper was hidden from view and could not be discovered except by taking up the floor of the platform (which was sound and securely nailed down) or possibly by crawling under the platform and making a minute inspection of the sleeper, and to hold that defendant did not exercise reasonable care and diligence in the circumstances disclosed by this record would be to impose upon the defendant an 'extreme duty of constant care and inspection' not required by law."

The gravamen of plaintiff's contention is that Dr. Early would have discovered the rotten sill if he had repaired the post according to promise. However, even if he had made this discovery, it does not necessarily follow that

he would have promised to repair or that he would have made the repairs. A promise to repair one part of a building does not necessarily include a promise to repair all defects discovered in the progress of the work. To so hold would impose liability without respect to the particular undertaking. Under plaintiff's theory of the case (which is not necessary for us to approve or disapprove) the failure to keep the promise to repair the specific defect is the essence of the liability of the landlord. The proximate cause of the accident was the condition of the sill, not the condition of the post. Plaintiff was falling when she grabbed the post. *Thompson* v. *Clemens,* 96 Md. 196, 210, 53 A. 919, 922, 60 L. R. A. 580, 584; *Consumers' Brewing Co.* v. *Doyle's Adm'x,* 102 Va. 399, 403, 46 S. E. 390.

Neither party knew of any defects in the sill. If knowledge is to be attributed to Dr. Early by reason of the condition of the post, then the same knowledge is to be attributed to plaintiff. If negligence in permitting a dangerous condition is to be charged to Dr. Early, then equal negligence in using the porch is to be attributed to plaintiff. Plaintiff knew that Dr. Early knew nothing of the condition of the porch post or sill except what she had told him. She and her husband were in possession and control of the premises. Dr. Early had no legal right to enter the premises except with her acquiescence or request. He could not, under the circumstances, be charged with knowledge of the sill which she herself did not have. We agree with the trial judge who stated in his opinion, "I don't think it is possible to hold the landlord responsible for something of which he knew nothing and which the tenant had an equal opportunity to have found out * * * ."

The admitted facts are so clearly distinguishable from the facts stated in each of the Virginia cases cited by plaintiff that it is unnecessary to prolong this opinion by further reference to them.

The judgment of the trial court is

*Affirmed.*