MARY EBERLE, PLAINTIFF-APPELLANT, v. PRODUCTIVE BUILDING AND LOAN ASSOCIATION OF NEWARK, NEW JERSEY, DEFENDANT-RESPONDENT.

Submitted October 29, 1937—Decided January 26, 1938.

For the plaintiff-appellant, *Benjamin Gordon.*

For the defendant-respondent, *Colie & Schenck* (*Frederic R. Colie*).

The opinion of the court was delivered by

CASE, J. Judgment was entered for the defendant after the dismissal of the complaint as not setting up a cause of action. Plaintiff appeals.

The suit sounds in tort to recover for personal injuries suffered by plaintiff in a fall from the porch of a house owned

by the defendant and occupied by plaintiff's daughter, Helen Hardgrove, as lessee. There was an oral contract of letting between the defendant·and Mrs. Hardgrove. The complaint, after alleging the making of the said contract of lease, continues thus:

"4. At the time the lease was made said tenant, Helen Hardgrove, pointed out to the defendant as landlord, and through its agent, George F. Mack, Inc., that the rear porch of the house leased was in need of immediate repair, and that its condition was such that unless immediate repairs were made the condition might become dangerous to said tenant and to her household, and to others who might have occasion to use said porch. Said Helen Hardgrove also stated that the making of such repairs as might be found to be necessary must be a part of the consideration for the lease, and unless the defendant landlord agreed to immediately inspect and examine the porch and ascertain what repairs were necessary, and immediately make such repairs as should be found to be necessary, no lease would be entered into.

"5. Said landlord agreed to make such examination and inspection immediately and to immediately make such repairs as might be found to be necessary, in order to keep the said porch from getting into a dangerous condition. Thereupon the lease agreement was consummated and the said Helen Hardgrove has, since that time, together with her husband and this plaintiff, occupied said premises."

The negligence charged is failure to examine and failure to repair. Giving the language of the complaint the construction most favorable to the plaintiff, the quoted language may be restated thus: Mrs. Hardgrove, the prospective lessee of the premises, before making her contract of letting, stated to the landlord that the condition of the porch was such that it was in need of immediate repair; that failing such repairs the condition might become dangerous to the tenant and to her household and to others who might have occasion to use the porch, and that no contract of letting would be entered into by the said Hardgrove unless the owner of the premises agreed, as a part of the contract of letting, to make the neces-

sary repairs forthwith; whereupon the landlord undertook, as a part of the rental agreement, forthwith to make the necessary repairs.

For forty years it has been recognized as the law in this state that "there is privity of estate and of contract between the landlord and his tenant arising from the letting, but there is neither privity of estate nor privity of contract between the owner of premises and the persons whom the tenant may choose to make members of his family in any capacity. Such persons dwell in the premises demised neither by license nor by invitation of the owner. Where there is neither privity of estate nor privity of contract, the owner of premises is not liable for injuries sustained by third persons by reason of the condition of the premises, unless by invitation, express or implied, the owner induces them to come upon the premises." That was the language used by Mr. Justice Depue in determining the Supreme Court issue in *Clyne* v. *Helmes,* 61 *N. J. L.* 358, heard by him, Chief Justice Magie and Mr. Justices Gummere and Ludlow. In that case the action was by the sister of the lessee and tenant who lived with the latter as his housekeeper and as a member of his household. The declaration alleged that the tenant and the plaintiff had called the attention of the defendant landlord to certain needed repairs, one of which was the mantelpiece which the defendant personally examined and which he promised and agreed to repair immediately, whereupon, as was alleged, it was the defendant's duty, under his agreement with the lessee, "to properly construct, repair, maintain and keep in repair and safe condition the said mantelpiece, &c., so that the said George Clyne and the members of his family and household could safely use and enjoy the said premises and the said dining room without danger of bodily harm or injury from the falling of the said mantelpiece or any other fixtures which the said defendant had promised to repair and maintain," but that nevertheless the defendant negligently allowed the mantelpiece to remain out of repair, with the result that plaintiff was injured by the falling thereof. The opinion concluded that the agreement was without consideration, but

that nevertheless "if the action could have been maintained by the tenant under the facts set out in this declaration, it by no means follows that this plaintiff could maintain this, action," and thereupon gave the rule quoted, *supra*. It is suggested that that finding was *obiter;* but thirty years later Chief Justice Gummere, again in the Supreme Court (*Reilly* v. *Feldman,* 103 *N. J. L.* 517) sitting with Mr. Justice Trenchard in the review of a judgment wherein the plaintiff, a visitor upon the wife of the lessee, was injured by the collapse of the entrance steps which the defendant landlord, as part of the rental agreement with the tenant, had agreed to repair, approved the rule stated in Clyne *v.* Helmes and said:

"Mr. Justice Depue, delivering the opinion of the court, declared that, even if it be assumed that such a contract was valid as between the landlord and his tenant, the breach of such contract would not render the former liable for injuries received by a member of the tenant's family; the reason being that one who is not a party to a contract cannot sue in respect to a breach of duty arising out of it, unless it is made for his benefit. In so holding this court followed the rule laid down in the earlier case of *Marvin Safe Co.* v. *Ward,* 46 *Id.* 19. Later cases affirming this rule are *Styles* v. *Long,* 67 *Id.* 413, 417; *S. C., on appeal,* 70 *Id.* 301; *Cochran* v. *Public Service Electric Co.,* 97 *Id.* 480."

Clyne *v.* Helmes has been variously cited with approval in Supreme Court decisions, including *Hasse* v. *Gietz,* 108 *N. J. L.* 252. It has also been cited with approval in decisions of this court (*Fedor* v. *Albert,* 110 *Id.* 493; *Lee* v. *Clement,* 103 *Id.* 400; *Cetofonte* v. *Camden Coke Co.,* 78 *Id.* 662; *Siggins* v. *McGill,* 72 *Id.* 263; *Ryan* v. *Delaware, Lackawanna and Western Railroad Co.,* 72 *Id.* 266); but the precise question now to be decided appears to be before us for the first time. Nevertheless we are of the opinion that the rule, quoted earlier herein, was correctly stated in the Clyne case.

Appellant argues that the agreement to repair in the instant case was made for her benefit and that the breach of the agreement by the landlord gives a basis for this suit. In order to maintain an action of tort for breach of a contrac-

tual duty a plaintiff must have a *status* under the contract that would entitle him to maintain an action upon contract for a breach of its stipulations. *Fedor* v. *Albert, supra; Styles* v. *Long Co.,* 67 *N. J. L.* 413. The complaint in the case at bar places plaintiff in no better position than was the sister and housekeeper of the tenant in the Clyne case and the wife of the tenant in the Hasse case. If the alleged rental contract was made for the benefit of the plaintiff, then it was made to an equal extent for the benefit of anyone "who might have occasion to use the porch;" and that clearly is against the rule. The contract was not, in the sense of the cases, made for plaintiff's benefit.

We conclude that the complaint did not set up a cause of action, that it was properly dismissed and that there is no fault in the judgment. The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 14.

*For reversal*—None.