HUDSON COUNTY CIRCUIT COURT.

MARTHA VELTHUYSEN, PLAINTIFF, v. HOBOKEN LAND AND IMPROVEMENT COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT.

Decided December 9, 1939.

For the plaintiff, *Matthew W. Begovich* (*Nicholas S. Schloeder,* of counsel).

For the defendant, *Autenrieth & Wortendyke.*

BROWN, C. C. J. The defendant in the above entitled cause alleges as a ground for striking the complaint that it does not state·a cause of action. The motion is directed to an amended complaint. The complaint charges that the defendant was the owner of premises in Garden street in the city of Hoboken and that on the 2d day of July, 1937, the plaintiff's daughters leased the premises from the defendant; that prior to the signing of the lease the plaintiff's daughters made known to the defendant that their mother, an elderly woman, who is the plaintiff in this cause, was to occupy the premises with them and inquired of the defendant as to whether or not the premises about to be leased were in a safe condition and free from any defects which would render them dangerous for use as a dwelling house. It is further charged that the defendant for the purpose of inducing the daughters of the plaintiff to enter into the lease and "with the intent that the

said lessee should believe such statements were made on the defendant's personal knowledge and to influence them thereby and for the purpose of inducing the lessees to act in reliance thereon stated to the said lessees, as of his own knowledge, that the premises about to be leased were in a safe condition and free from defects which would render them injurious or dangerous to the life, health or safety of the lessees or members of their household or invitees." It is further charged that these statements were false and that the defendant concealed from the lessees the existence of a dangerous condition existing in the cellar of the premises. In the absence of a continuing nuisance or an express contract the law imposes the duty of repairing the premises upon the tenant. *Naumberg* v. *Young,* 44 *N. J. L.* 331. The breach by a landlord of a contract, made with his tenant, to repair such parts of the demised premises as were in a defective condition does not make the landlord liable for injuries received by a member of the tenant's household and resulting from any of such defective conditions; for one who is not a party to a contract cannot sue in respect to a breach of duty arising out of it, unless the contract was made for his benefit. There is privity of estate and of contract between the landlord and his tenant arising from the letting, but there is neither privity of estate nor privity of contract between the owner of premises and the persons whom the tenant may choose to make members of his family in any capacity. Such persons dwell in the premises demised neither by license nor by invitation of the owner. Where there is neither privity of estate nor privity of contract, the owner of premises is not liable for injuries sustained by third persons by reason of the condition of the premises, unless by invitation, express or implied, the owner induces them to come upon the premises. *Clyne* v. *Helmes,* 61 *Id.* 358; 39 *Atl. Rep.* 767; *Eberle* v. *Productive Building and Loan Association,* 119 *N. J. L.* 393; 196 *Atl. Rep.* 666. While the theory of the case upon which *Eberle* v. *Productive Building and Loan Association, supra,* was tried was that of negligence charged in failing to examine and repair the premises, it did not appear in that case that the owner expressly or impliedly induced the plaintiff to

come upon the premises. If the complaint in this cause is to be sustained it can only be upon the grounds of deceit, fraud or misrepresentation and in such an action no matter who the parties may be, whether the lessees or the plaintiff, there are three necessary allegations that must be pleaded and sustained by the proof before liability can be established, that is to say, it must be alleged and proved that the defendant made a representation to the plaintiff either directly or indirectly with intention that the plaintiff should act thereon; that the representation was false; that the defendant when he made it knew it to be false and that the plaintiff believing the representation to be true acted on it to her injury. *Lembeck* v. *Gerken*, 86 *N. J. L.* 111. If a suit was brought by the lessees against the defendant on the ground of misrepresentation, fraud or deceit the decisions are clear in holding that it would be necessary to plead and prove the above mentioned essentials. If these requirements are necessary where they concern a party to the lease it follows that one who is not a party to the lease should not be excused from fulfilling those requirements. It nowhere appears in the complaint that the representations were made to the plaintiff by the defendant either directly or indirectly. While it may be said that the representations were made by the defendant owner to the lessees it nowhere appears that the lessees communicated those representations to the plaintiff. It does not appear anywhere in the complaint that the plaintiff had knowledge of the alleged fraudulent statements or representations and that the plaintiff relied upon such statements as being true. The plaintiff contends that the case of *Langridge* v. *Levy*, 2 *M. & W.* 519, supports as a cause of action the statements contained in the complaint. The facts in the Langridge case were not the same as in the instant case. The declaration in the Langridge case stated that the father of the plaintiff at the request of the defendant bargained with him to buy a gun for the use of the father and the son and that the defendant falsely warranted the gun to be of a certain make and to be good, safe and secure and then sold the gun for the use of the father and the son, when in truth and in fact the defendant was guilty of a breach of duty in that the gun

was not of the make represented nor safe and secure for use. It is further charged in the Langridge case that "the plaintiff in fact says, that he knowing and confiding in the said warranty did use and employ the said gun, but which for said warranty he would not have done." It should also be noted in this case the representations and warranty were expressly made for the benefit of the son as well as the father. The decision in the Langridge case concludes with this statement, "we decide that he is responsible in this case for the consequences of his fraud whilst the instrument was in the possession of a person to whom his representation was either directly or indirectly communicated and for whose use he knew it was purchased." The amended complaint under consideration does not disclose that the subject of the lease was made for the benefit of the plaintiff. It does not disclose that the representations alleged to be false were communicated either directly or indirectly to the plaintiff. It may be contended in the instant case that the premises were rented for the use of the plaintiff as well as her daughters. Be that as it may from all that appears in the complaint the plaintiff never knew whether the representations were made; whether they were true or false and that the plaintiff did not act upon the representations. The judgment of the court is that the amended complaint in the above entitled cause does not state a cause of action and the motion to strike is granted.