Appeal is taken from a judgment of dismissal on motion of defendant based upon the pleadings and opening statement of the facts to the jury by plaintiff's attorney.
Plaintiff alleges, by her complaint and on opening to the jury, that in 1939 an apartment was occupied by her father, her mother and herself, then 13 years of age, as members of a family. That defendant acquired the premises and entered into an agreement with plaintiff's father, who told defendant he would vacate the premises because of its "run down condition," whereupon defendant agreed with said Steven Ceccato to make and provide all necessary interior and exterior repairs to said premises. Defendant made the necessary repairs and the tenant remained in the premises with his wife and plaintiff daughter. Thereafter, tenant complained to defendant that the sash cords in some of the windows were worn and rotted and in dangerous condition, whereupon defendant promised to make the necessary repairs to said sash cords. *Page 142 
On March 20, 1947, plaintiff was engaged in assisting her mother in housecleaning, and while washing the outside of a window pane was seated on the window sill, when the cord holding the inside window gave way and the window dropped down upon her and caused her to fall about 18 feet to the ground, in consequence of which she sustained injuries and consequent damages for which suit was entered.
Appellant argues that where a landlord assumes the duty to repair, the landlord is liable to a member of the tenant's family for personal injuries suffered as the result of the landlord's negligent failure to make such repairs.
The learned trial judge felt bound by the holdings of our appellate courts and granted defendant's motion for dismissal.
In view of the decisions of our Court of Errors and Appeals in cases involving like questions of law, we are constrained to affirm the trial court's action.
One of the latest cases on the question involved is Eberle v.Productive B.L. Ass'n, 119 N.J.L. 393 (E. A. 1938), wherein it was stated:
"For forty years it has been recognized as the law in this state that `there is privity of estate and of contract between the landlord and his tenant arising from the letting, but there is neither privity of estate nor privity of contract between the owner of premises and the persons whom the tenant may choose to make members of his family in any capacity. Such persons dwell in the premises demised neither by license nor by invitation of the owner. Where there is neither privity of estate nor privity of contract, the owner of premises is not liable for injuries sustained by third persons by reason of the condition of the premises, unless by invitation, express or implied, the owner induces them to come upon the premises.' That was the language used by Mr. Justice Depue in determining the Supreme Court issue in Clyne v. Helmes, 61 N.J.L. 358."
This holding has been adopted in other cases by our appellate courts. It has not yet been overruled. The divided decision of our Court of Errors and Appeals in Colligan v. 680 Newark AvenueRealty Corp., 131 N.J.L. 520 (E. A. 1944), does not have the effect urged by appellant of overriding and changing the prior decisions of that court.
The judgment under review is accordingly affirmed. *Page 143